900 P.2d 1360

**In the Matter of the Application of John C. HENRY**

**For a Writ of Habeas Corpus.**

**John C. HENRY, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

**No. 21470.**

Supreme Court of Idaho,
Idaho Falls May 1995 Term.

Aug. 16, 1995.

---

David N. Parmenter, Blackfoot, for appellant.

Alan Lance, Idaho Attorney General; Lynn E. Thomas, Solicitor General, Boise, argued, for respondent.

TROUT, Justice.

The petitioner, John Henry, is an insanity acquittee who seeks release from commitment on the ground that he is no longer mentally ill.

## I.

## BACKGROUND

The facts giving rise to this appeal are similar to those in *Gafford v. State*, 127 Idaho 472, 903 P.2d 61 (1995), and *Nielsen v. State*, 127 Idaho 449, 902 P.2d 474 (1995). Henry, like Gafford and Nielsen, has a long history of mental illness. On October 18, 1979, he was acquitted of criminal charges by reason of insanity and has since been confined at State Hospital South in Blackfoot, Idaho.

In 1992, the United States Supreme Court struck down a Louisiana statute that allowed an insanity acquittee to be committed to a mental institution until he could demonstrate that he was not dangerous, even though he was no longer mentally ill. *Foucha v. Loui-* *siana*, 504 U.S. 71, 112 S.Ct. 1780, 118 L.Ed.2d 437 (1992). Relying on this decision, Henry filed a petition for writ of habeas corpus seeking release from confinement on the ground that he is no longer mentally ill.

## II.

## PROCEDURAL HISTORY

The magistrate determined that I.C. § 66-337(d), which allows for the continued confinement of insanity acquittees on the basis of dangerousness alone, is unconstitutional in light of *Foucha*. Although the magistrate found that Henry's mental state is such that he is not civilly committable, he also found that Henry continues to suffer from the mental condition that was the basis for the criminal acquittal in 1979. Finding that Henry is a dangerous person, he denied Henry's petition. On appeal, the district court affirmed the magistrate's decision.

## III.

## STANDARD OF REVIEW

When an appeal is initially taken to the district court from a decision by a magistrate, any subsequent review by this Court will be conducted independent of, but with due regard for, the decision of the district court. *Smith v. Smith*, 124 Idaho 431, 436, 860 P.2d 634, 639 (1993) (citations omitted). We will uphold the magistrate's findings of fact if supported by substantial and competent evidence. *Id.* However, free review is exercised over the trial court's determination as to whether constitutional requirements have been satisfied in light of the facts found. *State v. Weber*, 116 Idaho 449, 451–52, 776 P.2d 458, 460–61 (1989).

## IV.

## APPLICATION OF *FOUCHA* *v. LOUISIANA*

As in *Gafford* and *Nielsen*, the State contends that the holding in *Foucha* represents

a new rule of constitutional law that should not be retroactively applied to Henry's case. For the reasons set forth in *Gafford*, we hold that *Foucha* applies to the terms of Henry's present and continuing confinement. *See Gafford*, 127 Idaho at 474, 903 P.2d at 63. Accordingly, we will proceed first to a review of the relevant factual findings made by the trial court. We will then determine whether Henry's present confinement violates due process under the analysis articulated in *Foucha*.

## A. The Finding That Henry is Dangerous is Supported by Substantial and Competent Evidence

■ The magistrate found that "the release of Henry from custody at this time would create a clear and present danger to others in our society." The State produced a significant amount of evidence to the effect that Henry is a violent person who has irresistible pedophilic tendencies, and that he is highly predatory with regard to young children. Therefore, we hold that the magistrate's finding on this issue is not clearly erroneous.

## B. The Finding That Henry Continues to Suffer From the Mental Condition Which was the Basis for his Acquittal is Supported by Substantial and Competent Evidence

■ With regard to Henry's mental condition, the magistrate found that "the underlying basis for the acquittal and commitment of Henry as found by Judge Reinhardt in 1979 still exists." This finding is likewise supported by substantial and competent evidence. The State presented substantial expert testimony that Henry has a mental defect that substantially impairs his ability to appreciate the wrongfulness of his conduct and to conform his conduct to the requirements of law. It also produced evidence that Henry's mental condition has not changed during the course of his hospitalization. In light of this evidence, we conclude that the magistrate's finding on this issue is not clearly erroneous.

## C. *Foucha* Does not Mandate Henry's Release

As stated above, the record establishes that the basis for Henry's criminal acquittal and commitment persists. It also establishes that Henry is dangerous. For the reasons set forth in *Nielsen*, we hold that Henry is not entitled to release on the ground that his present confinement denies him due process of law. *See Nielsen*, 127 Idaho at 451–52, 902 P.2d at 476–77.

## V.

## WHETHER THE MAGISTRATE ERRED IN ADMITTING STATE'S EXHIBIT 1

■ At the hearing on Henry's petition, the magistrate admitted into evidence a document entitled "Risk Assessment And Dangerous Behavior Intervention Protocol." This document details Henry's history of dangerous behavior and sets forth the authors' collective opinion as to Henry's potential for dangerous behavior. On appeal, Henry argues that the admission of this document into evidence constituted error.

I.R.E. 103 provides that "[e]rror may not be predicated upon a ruling which admits or excludes evidence *unless a substantial right of the party is affected.*" (emphasis added). The risk assessment was introduced by the State to establish that Henry is dangerous. There is a substantial amount of competent evidence in the record, in addition to the risk assessment, which supports the magistrate's finding that Henry is dangerous. Henry himself admits that the content of the document is duplicative of testimony presented, and actually objected to its admission on the ground that it was redundant. Thus, any error that occurred by the admission of this report was harmless. *See, e.g., Christensen v. Ransom*, 123 Idaho 99, 107–08, 844 P.2d 1349, 1357–58 (Ct.App.1992).

## VI.

## CONCLUSION

*Foucha* requires release from commitment only when the basis for acquittal no longer

**352**

exists. It is undisputed that the basis for Henry's acquittal in 1979 persists. Since there is also no question that Henry is dangerous, the magistrate's denial of Henry's petition is affirmed.

■ Because I.C. § 66–337(d) is unconstitutional under the principles enumerated in *Foucha*, Henry's future confinement, in the absence of a legislative response, will be governed by the terms for release contained in I.C. § 66–337(b). *Cf. State v. Chilton*, 112 Idaho 823, 736 P.2d 1277 (1987) (following repeal of I.C. § 18–214 but prior to enactment of I.C. § 66–337(d), continued confinement of insanity acquittees was governed by the terms contained in I.C. § 66–337(b)). Thus, the State will be required to establish, by clear and convincing evidence, that Henry continues to suffer from the mental condition that resulted in his acquittal in 1979, and that he continues to present a danger to himself or others. *Id.* at 827–29, 736 P.2d at 1281–83.

McDEVITT, C.J., and JOHNSON, SILAK and SCHROEDER, JJ., **concur.**