903 P.2d 61

**In the Matter of the Application
of Steven GAFFORD.**

**For a Writ of Habeas Corpus.**

**Steven GAFFORD, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

**No. 21472.**

Supreme Court of Idaho,
Idaho Falls May 1995 Term.

August 16, 1995.

Rehearing Denied Oct. 17, 1995.

David N. Parmenter, Blackfoot, for appellant.

Alan Lance, Idaho Attorney General; and Lynn E. Thomas, Solicitor General, argued, Boise, for respondent.

TROUT, Justice

The petitioner, Steven Gafford, is an insanity acquittee who seeks release from commitment on the ground that he is no longer mentally ill.

## I.

### BACKGROUND

Gafford has a varied history of mental illness and commitment, including multiple admissions to State Hospital North, State Hospital South, the Idaho Security Medical Facility, and Veterans Administration inpatient facilities. On July 6, 1981, he was acquitted of criminal charges by reason of insanity and has since been confined at State Hospital South in Blackfoot, Idaho. However, it is undisputed that since the time of his commitment in 1981, his situation has changed and he no longer suffers from the mental condition that led to his acquittal.

In 1992, the United States Supreme Court struck down a Louisiana statute that allowed an insanity acquittee to be committed to a mental institution until he could demonstrate that he was not dangerous, even though he was no longer mentally ill. *Foucha v. Louisiana*, 504 U.S. 71, 112 S.Ct. 1780, 118 L.Ed.2d 437 (1992). The Court held that such an acquittee is entitled to release, as a matter of due process, when the original basis for commitment no longer exists or the person is no longer dangerous. If the person's confinement is to be perpetuated beyond this point, that person is entitled to constitutionally adequate procedures (i.e. civil commitment procedures or criminal prosecution) to establish a valid basis for continued confinement. *Id.* at 77–82, 112 S.Ct. at 1784–86 (citations omitted). Relying on this decision, Gafford filed a petition for writ of habeas corpus seeking release from confinement on the ground that he is no longer mentally ill.

## II.

### PROCEDURAL HISTORY

The magistrate determined that I.C. § 66–337(d), which allows for the continued confinement of insanity acquittees on the basis of dangerousness alone, is unconstitutional in light of *Foucha*. Finding that the basis for Gafford's acquittal and commitment no longer exists, the magistrate held that the State

could not continue to confine him based solely on his potential dangerousness.

On appeal, the district court reversed the magistrate's decision. It concluded that although I.C. § 66–337(d) is unconstitutional, *Foucha* does not apply retroactively to Gafford's case. The district court also concluded that Gafford is estopped to challenge the constitutionality of the release provisions and that because he acquiesced in the use of the insanity defense, he has waived his right to challenge the statute under which he was committed.

## III.

### STANDARD OF REVIEW

■■■ When an appeal is initially taken to the district court from a decision by a magistrate, any subsequent review by this Court will be conducted independent of, but with due regard for, the decision of the district court. *Smith v. Smith*, 124 Idaho 431, 436, 860 P.2d 634, 639 (1993) (citations omitted). We will uphold the magistrate's findings of fact if supported by substantial and competent evidence. *Id.* However, free review is exercised over the trial court's determination as to whether constitutional requirements have been satisfied in light of the facts found. *State v. Weber*, 116 Idaho 449, 451–52, 776 P.2d 458, 460–61 (1989).

## IV.

### THE TERMS FOR RELEASE CONTAINED IN I.C. § 66–337(d) ARE UNCONSTITUTIONAL

■■■ Involuntary commitment is a severe curtailment of an individual's liberty interest. Accordingly, such a commitment must be accomplished in a manner consistent with constitutional due process requirements. *E.g., Jackson v. Indiana*, 406 U.S. 715, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972). Relying on *Foucha*, Gafford has invoked the due process protections of the Fourteenth Amendment to the United States Constitution.

In *Foucha*, the United States Supreme Court held that an insanity acquittee is entitled to release, as a matter of due process, when the original basis for acquittal and commitment no longer exists or the person is no longer dangerous. If the basis for acquittal is no longer present, that person must be released unless the State can demonstrate through other means, such as civil commitment proceedings, that the continued confinement is constitutionally proper. *Foucha* at 77–82, 112 S.Ct. at 1784–86. In reaching its holding, the Court struck down a Louisiana statute that allowed an insanity acquittee to be committed to a mental institution until he could demonstrate that he was not dangerous, even though the basis for his acquittal was no longer present.

In analyzing the application of *Foucha* to Idaho statutes, it should be noted that the statutes under which Gafford was originally committed were substantially amended in 1982. There is no longer a provision for acquittal of a criminal defendant on the basis of mental illness, and any mental illness, if not sufficient to remove the necessary criminal intent, is now simply a factor to be considered in the sentencing process. *See* I.C. §§ 18–207, 19–2523; *State v. Card*, 121 Idaho 425, 430, 825 P.2d 1081, 1086 (1992). Thus, this opinion, and those in the companion cases of *Nielsen v. State*, 127 Idaho 449, 902 P.2d 474 and *Henry v. State*, 127 Idaho 349, 900 P.2d 1360 issued in conjunction with this opinion, are of limited applicability and will affect only those criminal defendants currently committed in Idaho under the prior statutory scheme.

The Idaho release provision affecting Gafford is very similar to that at issue in *Foucha.* Former I.C. § 18–213 allowed for the acquittal of criminal defendants on the ground of mental illness. Upon acquittal, such persons were, pursuant to former I.C. § 18–214(1), automatically committed to the custody of the department of health and welfare to be placed in an appropriate mental health facility. Section 18–214(2) and (3) established the procedures for conditional release of insanity acquittees. Although these provisions have been repealed, I.C. § 66–337(d) incorporates former § 18–214 and provides that its release procedures shall remain in effect for every individual previously acquitted pursuant to § 18–213.

To gain release under § 66–337(d), the burden is placed upon the insanity acquittee to satisfy the committing court that he may

be "discharged or released on condition without danger to himself or others." In other words, the statute allows the State to perpetuate the commitment of an insanity acquittee at a mental institution on the basis of dangerousness alone. It also places the burden on the detainee to establish that he or she is no longer dangerous. Accordingly, we are constrained by the holding in *Foucha* to hold that I.C. § 66–337(d) violates due process and is therefore unconstitutional.

## V.

### RETROACTIVITY

The State contends that even if I.C. § 66–337(d) is unconstitutional per *Foucha*, that decision represents a new rule of constitutional law that should not be retroactively applied to upset a final judgment upon which the State in good faith has relied. The magistrate determined that the State's contentions were unfounded, apparently because Gafford does not seek to disturb the judgment which resulted in his acquittal and commitment. The district court reversed the magistrate, holding that *Foucha* does not apply retroactively.

A fundamental policy underlying the general ban on the retroactive application of new constitutional rules is the fear of upsetting final judgments entered in good faith reliance on an old rule. This policy is obviously strong where a person attacks, in collateral proceedings, the validity of a prior judgment on the basis of a new rule. *See, e.g., Brecht v. Abrahamson,* 507 U.S. 619, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993). In this case, however, Gafford does not contend that his confinement is illegal because of any deficiency in a prior judgment, but because the State perpetuates his confinement in violation of the Due Process Clause of the Fourteenth Amendment. Thus, Gafford does not seek to have the holding in *Foucha* applied retroac-

tively; he seeks the prospective application of that rule to his present and continued confinement. Accordingly, the retroactivity rules cited by the State and relied upon by the district court have no application in this case.

Even if the application of *Foucha* to this case did present a retroactivity problem, it would nonetheless apply to the terms of Gafford's present confinement. A new rule will be applied on collateral review if it requires the observance of procedures "implicit in the concept of ordered liberty." [1] *Penry v. Lynaugh,* 492 U.S. 302, 109 S.Ct. 2934, 106 L.Ed.2d 256 (1989) (quoting *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989) (plurality opinion)). *Foucha* announced a rule grounded in due process and formulated to protect a fundamental liberty interest. *See, e.g., State v. Chilton,* 112 Idaho 823, 828, 736 P.2d 1277, 1282 (1987) (involuntary commitment to a psychiatric facility is a "uniquely strong deprivation of liberty") (citations omitted). As such, it is a rule that requires observance of procedures "implicit in the concept of ordered liberty." Thus, even if Gafford did seek retroactive application of *Foucha*, that decision would unquestionably apply to his case.

## VI.

### COLLATERAL ESTOPPEL (ISSUE PRECLUSION)

The State contends that even if *Foucha* applies, the judgment of acquittal entered in 1981 has given rise to an "estoppel by judgment" which precludes the re-litigation of Gafford's mental state. This contention is without merit.

To determine whether collateral estoppel (issue preclusion) applies we ask: (1) whether the party against whom the prior decision is asserted had a full and fair opportunity to litigate the issue in the earlier case; (2)

---

1. A "new rule" is one not dictated by precedent existing at the time a judgment became final. *Butler v. McKellar,* 494 U.S. 407, 110 S.Ct. 1212, 108 L.Ed.2d 347 (1990). A case will be deemed to have announced a "new rule" if its outcome "was susceptible to debate among reasonable minds." *Id.* at 415, 110 S.Ct. at 1217. Because *Foucha* relies on precedent concerning civil com-

mitment, *O'Connor v. Donaldson,* 422 U.S. 563, 95 S.Ct. 2486, 45 L.Ed.2d 396 (1975), or that arguably presents an interpretation of statutory law of the District of Columbia, *Jones v. United States,* 463 U.S. 354, 103 S.Ct. 3043, 77 L.Ed.2d 694 (1983), its holding represents a "new rule" of constitutional law.

whether the issue decided in the prior case was identical to the one presented in the subsequent litigation; (3) whether the issue was actually decided in the prior litigation; (4) whether there was a final judgment on the merits; and (5) whether the party against whom the plea is asserted was a party or privy of a party to the prior adjudication. *Anderson v. City of Pocatello,* 112 Idaho 176, 183–84, 731 P.2d 171, 178–79 (1986).

In this case, there is no identity between the issue adjudicated in the acquittal proceedings and the issue raised by Gafford here. The judgment of acquittal determined that *at the time he committed certain criminal acts,* Gafford was suffering from a mental disease or defect that relieved him of criminal responsibility for those acts. *See* former I.C. § 18–213. However, it is undisputed that Gafford's mental condition has changed since his acquittal in 1981. Gafford's mental state *in 1995* was not and could not be determined by the judgment of acquittal. Thus, we hold that the doctrine of collateral estoppel has no application in this case.

## VII.

## ESTOPPEL AND WAIVER

The State also contends that the equitable doctrines of estoppel and waiver prevent Gafford from asserting his claim for release from confinement.

### A. *Equitable Estoppel*

The doctrine of estoppel is grounded on the notion that it would be inequitable to allow a person to induce reliance by taking a certain position and, thereafter, take an inconsistent position when it becomes advantageous to do so. *E.g., Davis v. Wakelee,* 156 U.S. 680, 15 S.Ct. 555, 39 L.Ed. 578 (1895). The doctrine as applied in Idaho also requires that the person against whom it is invoked take inconsistent positions. *See, e.g., Evans v. Idaho State Tax Comm'n,* 97 Idaho 148, 540 P.2d 810 (1975).

In this case, Gafford has not taken inconsistent positions. His contention in the present case is that he is not currently mentally ill, a fact about which there is no dispute.

This position is in no way inconsistent with his prior assertion that he was mentally ill. Although Gafford's prior assertion resulted in an acquittal fourteen years ago, it is hardly inconceivable that a person's mental condition might improve over that span of years. Accordingly, we hold that the doctrine of estoppel is not implicated on the facts of this case.

### B. *Acquiescence and Waiver*

The State, relying on *State v. Hightower,* 101 Idaho 749, 620 P.2d 783 (1980), argues that by failing to challenge the validity of the statutes under which he was acquitted at the time he was acquitted, Gafford has acquiesced in his continued confinement and has waived the right to now challenge the validity of those statutes.

In *Hightower,* we stated that:

In general, waiver of a constitutional right or the right to challenge the constitutionality of a statute may be effected, or estoppel created, by deliberate election, by conduct inconsistent with the assertion or exercise of the right, as by any course of conduct which shows an intention to waive any question as to the validity of the statute, or by conduct rendering it unjust to permit the assertion of such a constitutional provision.

*Id.* at 757, 620 P.2d at 791 (quoting 16 C.J.S. *Constitutional Law* § 89(b) (1956)). The rationale for this rule is that if a party has doubts about the constitutionality of a statute, it should mount an appropriate challenge to the provision at the original hearing, before a judgment of acquittal is entered. *Id.* We conclude that the *Hightower* rule and its rationale have no bearing in this case.

The State's argument overlooks the fact that two distinct statutes are involved, one relating to Gafford's initial acquittal (former I.C. § 18–213) and the other relating to his continued commitment (former I.C. § 18–214). As the district court recognized, Gafford could not, in the acquittal proceedings, "be expected to bring a claim that the *release* provisions were unconstitutional." (emphasis added). Raising such a claim in the absence of a concrete dispute relating to the release

provisions would be a futile act since it would constitute a request for an advisory opinion which would be denied by the courts of this state. *See Miles v. Idaho Power Co.,* 116 Idaho 635, 639, 778 P.2d 757, 761 (1989) (referring to the various categories of non-justiciable cases). Therefore, we hold that Gafford has not waived his right to challenge I.C. § 66–337(d).

## VIII.

### CONCLUSION

We are compelled by the United States Supreme Court's holding in *Foucha v. Louisiana,* 504 U.S. 71, 112 S.Ct. 1780, 118 L.Ed.2d 437 (1992), to hold that as applied to Gafford's continued confinement, I.C. § 66–337(d) effects a denial of due process under the 14th Amendment to the United States Constitution. Thus, based solely on an application of *Foucha,* we hold that Gafford is entitled to immediate release. The magistrate's decision is therefore affirmed.

McDEVITT, C.J., and JOHNSON, SILAK and SCHROEDER, JJ., concur.