933 P.2d 108

**Claude Lafayette DALLAS, Jr., Petitioner–Respondent– Cross Appellant,**

v.

**Arvon ARAVE, Warden, Idaho State Correctional Institution, Richard Vernon, Director and Idaho Department of Corrections, Defendants–Appellants–Cross Respondents.**

No. 22327.

Court of Appeals of Idaho.

Jan. 30, 1997.

Petition for Review Denied, March 19, 1997.

concluded that the magistrate therefore erred in dismissing the petition for a writ of habeas corpus. The Department has appealed from the district court's order, and the inmate has cross-appealed. We reverse the district court's ruling on the second issue and affirm the magistrate's order in its entirety.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In 1983, Claude Lafayette Dallas, Jr., was convicted of two counts of voluntary manslaughter, two counts of use of a firearm in the commission of a felony, and a misdemeanor charge of concealment of evidence. The district court sentenced Dallas to the custody of the State Board of Correction for an indeterminate ten-year term on each of the manslaughter convictions, and ordered that the sentences be served consecutively. The court then enhanced Dallas's sentence with an additional consecutive ten-year term for the use of a firearm in the commission of a felony. Dallas also received a six-month term in jail for the concealment conviction. The judgments of conviction and sentences were affirmed on appeal by the Idaho Supreme Court in *State v. Dallas*, 109 Idaho 670, 710 P.2d 580 (1985); and an unsuccessful challenge to the legality of the sentences was also upheld in *State v. Dallas*, 126 Idaho 273, 882 P.2d 440 (Ct.App.1994).[1]

On March 30, 1986, Dallas escaped from the Idaho State Correctional Institution (ISCI). After a nationwide search, he was captured approximately one year later, outside of the state of Idaho, by agents of the Federal Bureau of Investigation. Upon return to the ISCI, the Department charged Dallas with the prison disciplinary offenses of escape and destruction of state property. Concurrent with the filing of the disciplinary offenses, Dallas was also prosecuted for the criminal offense of escape, I.C. § 18–2505. After an administrative hearing held by the Department, Dallas was found guilty of the disciplinary offenses. He received 60 days

Alan G. Lance, Attorney General, Timothy R. McNeese, Deputy Attorney General (argued), Boise, for appellants.

Nevin, Kofoed & Herzfeld, Boise, for respondent. Dennis A. Benjamin, argued.

WALTERS, Chief Judge.

This is an appeal from an order by a district court that partially reversed a magistrate's order dismissing a petition for a writ of habeas corpus. The petition was dismissed by the magistrate because it failed to state a claim upon which relief could be granted. On an intermediate appeal, the district court upheld the magistrate's conclusion that the petitioner-inmate was not denied due process when the respondent, the Idaho Department of Corrections, determined that 365 days of the inmate's accumulated goodtime credits should be forfeited for the prison disciplinary offense of escape. However, the district court also held that the inmate's right to remain silent was violated during the prison disciplinary hearing, and

---

1. In 1993, Dallas filed a petition in federal court for a writ of habeas corpus to challenge his sentences and the sufficiency of the evidence for the voluntary manslaughter convictions. The federal district court denied the application on the merits, and its order was affirmed on appeal in *Dallas v. Arave*, 984 F.2d 292 (9th Cir.1993).

of disciplinary detention and was assessed approximately $160 for damages to state property which allegedly occurred during the escape. In addition, 365 days of his accumulated goodtime credits were forfeited. Dallas was then tried before a jury on the felony escape charge. During the trial, Dallas asserted the defense of escape by necessity. The jury acquitted Dallas of the escape charge.

After the acquittal, Dallas filed an amended petition for a writ of habeas corpus in September of 1987. In response, the Department filed a motion to dismiss, which was granted. On appeal, the district court reversed the magistrate's order and remanded the case for further proceedings. A briefing schedule was set by the magistrate, but no briefs were subsequently filed and the case became inactive. On July 5, 1990, the Department filed a second motion to dismiss for failure to prosecute pursuant to I.R.C.P. 40(c). The motion was granted in August of 1990.

On October 13, 1993, Dallas filed the amended petition for the writ of habeas corpus at issue in this case. In the petition, Dallas alleged that the Department violated his rights to remain silent and to due process under the Fifth and Fourteenth Amendments to the United States Constitution and under Art. I, Section 13 of the Idaho Constitution, by holding the disciplinary hearing before the criminal prosecution was completed and by using Dallas's silence against him during the disciplinary hearing. Dallas asserted that because of these violations, the Department erred in imposing the disciplinary detention, in charging him for damages and in depriving him of his accumulated goodtime credits. Dallas further alleged that the Department's sanctions constituted cruel and unusual punishment because he was subsequently acquitted of the felony escape charge. Dallas requested that the district court reverse the magistrate's ruling and order the return of his goodtime credits, order a refund of any damages that he had paid, and expunge all disciplinary adjudications and findings of guilt from his institutional files.

In response, the Department filed a motion to dismiss, which was granted by a magistrate on February 7, 1994. The magistrate who granted the motion later recused himself from the case. Dallas then filed a motion to reconsider. The magistrate next assigned to the case treated the motion to reconsider as an original petition, and considered the Department's motion to dismiss as if it had been filed for the first time. The magistrate granted the Department's motion to dismiss on the ground that the petition did not state a constitutional claim upon which relief could be granted. Dallas appealed to the district court requesting a reversal of the order dismissing the petition and asking that the case be remanded for an evidentiary hearing. The district court reversed the magistrate's order in part, concluding that the magistrate erred in upholding forfeiture of Dallas's goodtime credits because the magistrate had improperly applied *Baxter v. Palmigiano*, 425 U.S. 308, 96 S.Ct. 1551, 47 L.Ed.2d 810 (1976). The district court remanded the case to the magistrate for further proceedings. Both the Department and Dallas appeal from the district court's order.

## II. ISSUES ON APPEAL

The Department asserts that the magistrate correctly held that neither Dallas's federal and state constitutional right to remain silent nor his right to due process were violated when Dallas's silence was used against him at the disciplinary hearing.

On cross-appeal, Dallas argues that because he had been subsequently acquitted of the felony escape charge, the magistrate erred in holding that the Department could forfeit 365 days of his accumulated goodtime credits for the alleged prison escape violation.

## III. STANDARD OF REVIEW

■■■ When reviewing an appellate decision of the district court, we examine the record of the proceedings before the magistrate independently while giving due consideration to the analysis of the district court. *Application of Henry*, 127 Idaho 349, 350, 900 P.2d 1360, 1361 (1995); *Brandt v. State*, 126 Idaho 101, 103, 878 P.2d 800, 802 (Ct.

App.1994). A dismissal of a petition for habeas corpus is reviewed for an abuse of discretion. *Johnson v. State*, 85 Idaho 123, 127, 376 P.2d 704, 706 (1962); *Brandt, supra.* When we review an exercise of discretion in a habeas corpus proceeding, we conduct a three-tiered inquiry to determine whether the lower court rightly perceived the issue as one of discretion, acted within the boundaries of such discretion, and reached its decision by an exercise of reason. *Application of Henry, supra; Brennan v. State*, 122 Idaho 911, 914, 841 P.2d 441, 444 (Ct.App.1992). If a petitioner is not entitled to relief on an application for a writ of habeas corpus, the decision by the petitioned court to dismiss the application is not an abuse of discretion. *Brennan*, 122 Idaho at 917, 841 P.2d at 447.

## IV. DISCUSSION

### A. Inmate's Rights to Remain Silent and to Due Process During Administrative Proceeding When Criminal Trial, Stemming From the Same Incident, is Pending.

In its Memorandum Decision and Order, filed on June 27, 1994, the magistrate noted that differing burdens of proof exist between a prosecution for the crime of escape ("beyond a reasonable doubt") and an administrative proceeding on escape as a disciplinary question ("some evidence"), *One Lot Emerald Cut Stones v. United States*, 409 U.S. 232, 93 S.Ct. 489, 34 L.Ed.2d 438 (1972); *Rusher v. Arnold*, 550 F.2d 896 (3rd. Cir. 1977), and that in Idaho the burden of proof in a disciplinary proceeding is that of "some evidence", *Cootz v. State*, 117 Idaho 38, 40, 785 P.2d 163, 165 (1989). The magistrate held that the Department met its burden by unquestionably showing that Dallas left the prison facility. Relying on *Rusher* and the authority cited therein, including *Baxter, supra*, the magistrate also held that the drawing of an adverse inference from Dallas's silence at the disciplinary hearing did not, in and of itself, offend his right to due process under the state and federal constitutions. The magistrate dismissed the petition, concluding that Dallas had not stated a constitutional claim upon which relief could be granted.

The Department asserts that the petition was properly dismissed. The Department submits that the magistrate correctly applied *Baxter*, allowing prison officials to use Dallas's silence against him at the disciplinary proceeding.

Dallas counters that, by holding the disciplinary proceeding prior to conducting the criminal trial, he was forced into a dilemma involving his constitutional rights. His argument takes the following track. If Dallas testified during the disciplinary proceeding, anything he said could be used against him in the pending criminal matter. At the very least, Dallas would be forced to divulge his defense strategy before the criminal trial, thereby giving the state critical information that the state could not have obtained through any legitimate method of discovery. However, if Dallas did not testify and asserted his constitutional right against self-incrimination, his silence would be used against him in the disciplinary proceeding. Dallas argues that the disciplinary proceeding was scheduled to push him into a premature decision as to whether he should testify at the pending criminal trial, a determination he was forced to make without the assistance of counsel. He submits that *Baxter* is not controlling here because *Baxter* involved a situation where there was only a possibility of criminal charges being filed. In this case, Dallas asserts that he was charged with the disciplinary offenses and the criminal offense concurrently. Finally, Dallas alleges that even if *Baxter* can be read to hold that his rights under the federal constitution were not violated, *Baxter* is not determinative of whether his rights to remain silent and to due process were violated under Art. I, § 13 of our state constitution.

### 1. Pendency of criminal proceeding.

We are not persuaded by the argument that *Baxter* is distinguishable because there was only a possibility that criminal charges would be filed and charges were not pending in that case as they were here when the Department conducted Dallas's disciplinary proceeding. We agree with the First Circuit's ruling in *Roberts v. Taylor*, 540 F.2d 540, 542 (1st Cir.1976), that the Supreme

Court's opinion in *Baxter* does not accord leeway for such distinctions. In *Baxter*, the Court specifically emphasized that prison disciplinary proceedings are not part of the criminal prosecution. 425 U.S. at 315, 96 S.Ct. at 1556, 47 L.Ed.2d at 819.

■ Furthermore, several courts which have addressed this issue subsequent to the decision in *Baxter* have held that the pendency of criminal proceedings should not affect the earlier prison disciplinary proceeding which arose from the same incident. *Rusher v. Arnold*, 550 F.2d 896 (3rd Cir.1977). *See also Dye v. United States Parole Commission*, 558 F.2d 1376 (10th Cir.1977); *Bellum v. Vose*, 848 F.Supp. 1065 (D.Mass.1994); *Frankenberry v. Williams*, 677 F.Supp. 793 (M.D.Pa.1988). We agree with that conclusion.

## 2. Evidentiary use of inmate's silence during disciplinary hearing.

■ The critical factor in the United States Supreme Court's reasoning in *Baxter*—which is also determinative in the present case—is that if a prison inmate elects to remain silent during his or her disciplinary hearing, the inmate's silence does not automatically result in punishment. 425 U.S. at 317, 96 S.Ct. at 1557, 47 L.Ed.2d at 820. As the Supreme Court observed, although the inmate is advised that his silence can be used against him, "[i]t is ... undisputed that an inmate's silence in and of itself is insufficient to support an adverse decision by the Disciplinary Board." 425 U.S. at 317, 96 S.Ct. at 1557, 47 L.Ed.2d at 821. The Supreme Court has also held that the Fifth Amendment privileges an individual "not to answer official questions put to him in any ... proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings." 425 U.S. at 316, 96 S.Ct. at 1557, 47 L.Ed.2d at 820, quoting *Lefkowitz v. Turley*, 414 U.S. 70, 94 S.Ct. 316, 38 L.Ed.2d 274 (1973). However, in *Baxter*, the Supreme Court reasoned that because the prison system in question did not treat the option of remaining silent as a per se admission of guilt, the inmate was not directly compelled to furnish testimonial evidence that might incriminate the inmate in later criminal proceedings and, therefore, the disciplinary hearing procedures did not constitute an improper attempt to compel testimony without granting immunity. 425 U.S. at 318, 96 S.Ct. at 1557–58, 47 L.Ed.2d at 821.

■ In the present case, the record shows that prior to the disciplinary hearing, Dallas read and signed a form presented to him by the Department regarding his right to remain silent. Although Dallas elected on this form not to waive his right to remain silent, the form advised him, in pertinent part, that:

> YOU ARE HEREBY NOTIFIED that your silence may be taken against you at an Institutional Disciplinary Hearing. However, your silence alone, without any other evidence, will not support a Finding of Guilt in a Disciplinary Hearing.

In addition to Dallas's silence, the Department's evidence at the disciplinary hearing included testimony that: (1) Dallas was not present for count at the prison after the alleged escape occurred; (2) Dallas was not in the Department's custody for approximately one year; (3) the prison fence was cut at the same time of Dallas's alleged escaped; and (4) Dallas's hat and glasses were found in the prison parking lot near where the fence had been cut. As part of its evidence, the Department produced a photograph of a hole cut in the perimeter of the prison fence.

We hold that the Department had sufficient evidence before it, in addition to Dallas's silence at the disciplinary proceeding, to meet its burden of showing that Dallas was guilty of the disciplinary offense of escape.

## 3. Article I, § 13 of the Idaho Constitution.

■ Our Supreme Court has observed that the provision relating to due process in the Idaho Constitution is substantially the same as that of the United States Constitution. *State v. Peterson*, 81 Idaho 233, 236, 340 P.2d 444, 446 (1959). However, in *Cootz v. State*, 117 Idaho 38, 785 P.2d 163 (1989), the Court held that it was prepared to consider the parameters of due process under Art. I, § 13 of the Idaho Constitution without being necessarily bound by the interpretation

given to due process by the United States Supreme Court. Although the Court concluded that the scope of due process under our constitutional provision is not necessarily the same as that of the federal constitution, the Court nevertheless adopted the "some evidence" rule formulated by the United States Supreme Court in *Superintendent v. Hill,* 472 U.S. 445, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985), for Idaho prison discipline cases. 117 Idaho at 40–41, 785 P.2d at 165–66.

It appears that the magistrate below applied the appropriate burden of proof in reviewing the Department's actions. As noted, the Department provided sufficient evidence to meet its burden. We hold that the magistrate did not abuse its discretion in ruling that the Department met the procedural due process requirements under Art. I, § 13 of our state constitution.

### 4. Assistance of counsel at disciplinary hearing.

Dallas argues that he was forced to decide, without the assistance of counsel, whether to testify at the disciplinary hearing given the pendency of his criminal trial. It is well established that inmates have no right to retained or appointed counsel at their disciplinary hearings even if the inmates face the possibility of state prosecution for conduct involved in the prison charges. *Baxter,* 425 U.S. at 314–15, 96 S.Ct. at 1556, 47 L.Ed.2d at 819; *Wolff v. McDonnell,* 418 U.S. 539, 570, 94 S.Ct. 2963, 2981, 41 L.Ed.2d 935, 959 (1974). We therefore find no merit in this argument.

We conclude that the magistrate did not abuse its discretion in denying Dallas's petition by ruling that neither Dallas's federal and state constitutional right to remain silent nor his right to due process were violated when the Department used his silence against him at the disciplinary hearing.

### B. Department's Ability to Impose Disciplinary Sanctions In Light of Inmate's Subsequent Acquittal on Felony Charges Flowing From Same Incident.

On cross-appeal, Dallas claims that the magistrate erred in upholding the Department's forfeiture of 365 days of his accumulated goodtime credits for the disciplinary offense of escape. He submits that the district court properly held that the forfeiture raised questions of whether Dallas's rights against self-incrimination and to procedural due process were violated. Additionally, Dallas argues that inmates are entitled to goodtime credits if they meet the statutory requirements of I.C §§ 20–101A (good conduct reduction of sentences) and 20–101B (forfeiture of good conduct reduction). These statutes, he asserts, create a conditional liberty interest in retaining accrued credits, and that such interest cannot be taken away without first satisfying the requirements of due process. Furthermore, Dallas contends that no authority exists to deprive him of his entitlement to these credits unless he violated a rule of the ISCI. He submits that because he was acquitted on the felony escape charge, he could not have committed the prison's disciplinary offense of escape.

Where a statute such as I.C. § 20–101A permits an inmate to earn goodtime credits, the inmate has a liberty interest in the credits granted, pursuant to the Fourteenth Amendment, which prevents deprivation of the credits in the absence of minimum due process requirements. *Hill,* 472 U.S. at 453, 105 S.Ct. at 2773, 86 L.Ed.2d at 363; *Wolff,* 418 U.S. at 557, 94 S.Ct. at 2975, 41 L.Ed.2d at 951. Although the nature and scope of the due process rights afforded to inmates is necessarily limited, *Ponte v. Real,* 471 U.S. 491, 495, 105 S.Ct. 2192, 2195, 85 L.Ed.2d 553, 558 (1985); *Wolff,* 418 U.S. at 555–56, 94 S.Ct. at 2974, 41 L.Ed.2d at 950; procedural due process is met when the inmate is provided with notice and an opportunity to be heard, to ensure that the individual is not arbitrarily deprived of his rights. *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 313, 70 S.Ct. 652, 656–57, 94 L.Ed. 865, 873 (1950); *Armstrong v. Manzo,* 380 U.S. 545, 550, 85 S.Ct. 1187, 1190, 14 L.Ed.2d 62, 65 (1965). A balancing test is employed to determine if procedural safeguards are adequate. *Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). The three factors to be considered in the balancing test are: (1) the private interest that will be affected by the official action;

(2) the risk that the procedures used will lead to an erroneous deprivation of the protected interest; and (3) the government's interest. 424 U.S. at 335, 96 S.Ct. at 903, 47 L.Ed.2d at 33. *See also State v. Rhoades,* 121 Idaho 63, 72, 822 P.2d 960, 969 (1991); *State v. Ankney,* 109 Idaho 1, 4, 704 P.2d 333, 336 (1985).

■ Here, the inmate's interest at stake is the earned goodtime credits, and the government's interest is in the preservation of the disciplinary process in the penal system as a means of rehabilitation, which is recognized as a legitimate goal. *Hill,* 472 U.S. at 454–55, 105 S.Ct. at 2773–74, 86 L.Ed.2d at 364. The focus of our inquiry is whether I.C. § 20–101B provides an adequate process to ensure that inmates are not deprived of earned goodtime credits without being afforded proper procedural due process.

Idaho Code § 20–101B provides, in pertinent part, the following conditions for the forfeiture of goodtime credits:

> Inmates who fail to observe faithfully the rules of the institution may have goodtime withheld or forfeited under rules adopted by the state board of correction.
>
> . . . .
>
> Such revocation or forfeiture shall not be made except upon a hearing upon the question of the infraction of the rules charged to such convicted person before the state board of correction or its authorized agent.

The record shows that the Department properly informed Dallas of the disciplinary offenses with which he was being charged and that it followed the procedures outlined in *Wolff, supra.* The Department then held a disciplinary hearing, pursuant to I.C. § 20–101B and *Wolff,* wherein Dallas was given an opportunity to be heard. Rather than taking advantage of this opportunity, Dallas invoked his right against self-incrimination, and remained silent. Idaho Code § 20–101B provided Dallas with notice and the opportunity to be heard. He cannot now claim that proper due process was not afforded to him because he voluntarily chose to remain silent at the hearing.

■ Dallas argues that regardless of the procedure followed by the Department, the forfeiture of his goodtime credits is fundamentally unfair because, as the jury in the criminal prosecution determined, he absconded from the penitentiary out of necessity to protect himself from imminent danger of serious bodily harm. He asserts that this unfairness resulted from arbitrary and capricious conduct by the Department and constitutes violation of a right to substantive due process. The circuit court in *Rusher, supra,* was presented basically with this same argument. As did that court, we reject the argument for the reasons stated in *Rusher.*

We conclude that the magistrate did not err in finding that the Department provided Dallas with the notice and opportunity to be heard required by the safeguards of procedural due process prior to forfeiting 365 days of his accumulated goodtime credits. We also hold that no violation of substantive due process has been demonstrated.

### V. CONCLUSION

We conclude that the magistrate correctly held that neither Dallas's federal and state constitutional right to remain silent nor his right to due process were violated when Dallas's silence was used against him at the disciplinary hearing. We also uphold the magistrate's conclusion that the Department complied with due process and properly forfeited 365 days of Dallas's accumulated goodtime credits for the disciplinary escape violation.

We reverse the district court on the issue of Dallas's silence and uphold the magistrate's decision and order in its entirety. The magistrate's order dismissing Dallas's petition for a writ of habeas corpus is affirmed.

LANSING and PERRY, JJ., concur.