736 P.2d 1384

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Richard OMEY, Defendant-Appellant.**

No. 16481.

Court of Appeals of Idaho.

May 1, 1987.

Charles B. Lempesis, Public Defender, and Anthony Sanchez, Deputy Public Defender, Post Falls, for defendant-appellant.

Jim Jones, Atty. Gen. by Lynn E. Thomas, Sol. Gen., and Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

**PER CURIAM.**

Rule 35, I.C.R., authorizes a convicted felon to seek a reduction of sentence within 120 days after the sentence is imposed. Today we must decide whether a Rule 35 motion may be filed more than 120 days after a sentence is pronounced and suspended, but less than 120 days after the sentence is ordered into effect upon revocation of probation. For reasons explained below, we hold that such a motion is untimely.

The issue is framed by the following facts. Richard Omey pled guilty to a charge of aggravated assault upon a law enforcement officer. The district judge pronounced a ten-year indeterminate sentence but retained jurisdiction for 120 days under I.C. § 19–2601(4). At the close of the 120–day period, the district judge conducted a hearing, suspended the sentence, and placed Omey on intensive probation. Unfortunately, Omey's performance was not satisfactory. His probation was revoked within a month. The district judge ordered the previously suspended sentence to be executed. Approximately two months later, Omey moved under Rule 35 for a reduction of the sentence. The motion was filed more than 120 days after the sentence originally had been pronounced. However, the motion was filed less than 120 days after the period of retained jurisdiction had ended and less than 120 days after the probation had been revoked. The district judge conducted a hearing on the Rule 35 motion, considered it on the merits, and denied it.

On appeal Omey argues that the judge abused his discretion in refusing to grant relief from an unduly harsh sentence. The state contends that the district judge lacked authority to entertain the motion at all. Because the state's contention is dispositive, we turn immediately to it.

■ In pertinent part, Rule 35 allows a court to reduce a legal sentence "within 120 days after the sentence is imposed" or "upon revocation of probation as provided by law." The language is restrictive and jurisdictional. A court lacks authority to consider a motion not timely filed under the rule. *State v. Parrish,* 110 Idaho 599, 716 P.2d 1371 (Ct.App.1986).

■ It is at once apparent that Omey's motion was not filed in time to seek a reduction of sentence "upon revocation of probation as provided by law." The motion was filed some two months *after* probation had been revoked and the previously suspended sentence had been ordered into exe-

cution. Consequently, our focus is narrowed to whether the motion was filed "within 120 days after the sentence is imposed." We examined the meaning of this phrase, particularly the word "imposed," in *State v. Salsgiver*, 112 Idaho 933, 736 P.2d 1387 (Ct.App.1987). We observed that our Supreme Court has placed an authoritative gloss upon the word "imposed" as used in a companion rule to Rule 35. The Supreme Court has held that a sentence is "imposed" when it is initially pronounced, even though jurisdiction is retained under I.C. § 19–2601(4) or the sentence is suspended. In *Salsgiver* we deemed ourselves constrained to reject an argument that a sentence is not "imposed" under Rule 35 until a court relinquishes jurisdiction that has been retained under the statute.

Consequently, in the present case, we cannot say that the Rule 35 time requirement is satisfied by filing a motion within 120 days after the period of retained jurisdiction has expired. Moreover, Omey's Rule 35 motion did not seek to "reduce" the probation granted at the end of retained jurisdiction. Rather, it sought to reduce the suspended sentence of confinement ordered into execution when the probation subsequently was revoked.

Omey argues that the combined acts of revoking probation and ordering a suspended sentence into execution ought to be treated as an imposition of sentence within the meaning of Rule 35. The argument is attractive from a policy standpoint. It would start the time running under Rule 35 when a defendant is most likely to seek a sentence reduction. It would treat all defendants equally, regardless of whether they received their probation upon the conditional entry of a withheld judgment, upon the imposition of a suspended sentence, or upon the completion of a period of retained jurisdiction. Finally, it would recognize that the opportunity for a judge to recon-

sider a sentence is not only important when the sentence is first pronounced or is imposed following a withheld judgment; it is also important when a sentence previously suspended is ordered into execution. *United States v. Colvin*, 644 F.2d 703 (8th Cir. 1981). As the American Bar Association has recognized,

> sentencing is a human process, and it will sometimes happen that a court will respond in a strongly negative fashion to some characteristic of the offender or the offense only later to realize, after reflection, that it has overreacted.... No public policy requires that error be perpetuated, and the most efficient remedy is to permit the court to rectify those judgments it realizes are excessive.

ABA STANDARDS FOR CRIMINAL JUSTICE § 18–7.1, commentary at 18–501 to 18–502 (2d ed. 1980).

These policy considerations appear to weigh in favor of allowing a Rule 35 motion to be filed within 120 days after probation is revoked. Nevertheless, we are constrained to hold otherwise. The motion must be filed within 120 days after the sentence is "imposed." According to our Supreme Court, a sentence is "imposed" upon pronouncement, even if its execution has been postponed. We further note that our Rule 35 is derived from its federal counterpart. Until 1983, the federal courts were split on the same issue presented to us today. Congress responded by amending the federal rule in 1983 to provide that motions for reduction of sentence could be made within 120 days after revocation of probation.[1] The Idaho Supreme Court has made no conforming amendment. It would be presumptuous for us to speculate that the Court would acquiesce in such a broadening of Rule 35.

We conclude that the 120–day period for filing a Rule 35 motion began to run in this

---

**1.** As amended in 1983, the federal rule provides: "A motion to reduce a sentence may be made ... within 120 days after the sentence is imposed or probation is revoked...." The Advisory Committee comments noted that "the Committee adopted the proposal to clarify Rule 35(b) to provide for authority to consider a reduced sentence following revocation of proba-

tion. This is the one proposal which was *unanimously approved* by the bench and bar." *See* 3A WRIGHT, FEDERAL PRACTICE & PROCEDURE: CRIMINAL (2d ed. supp. 1986) (emphasis added). Effective November 1, 1987, the federal rule has been further altered to conform to a new statutory scheme of sentencing guidelines.

case when the ten-year sentence was pronounced and suspended. Because time ran out before the motion was filed, the district court lacked jurisdiction to consider it. Accordingly, we do not reach the merits of Omey's contention that the judge abused his discretion by refusing to reduce the sentence. The order denying the motion is affirmed, albeit for reasons different from those stated below.