736 P.2d 1387

**STATE of Idaho, Plaintiff-Appellant,**

v.

**Edgar SALSGIVER,
Defendant-Respondent.**

No. 16447.

Court of Appeals of Idaho.

May 1, 1987.

Jim Jones, Atty. Gen. by Lynn E. Thomas, Sol. Gen., and Myrna A.I. Stahman, Deputy Atty. Gen., (argued), Boise, for plaintiff-appellant.

Dwaine L. Welch (Welch & Osborn), Payette, for defendant-respondent.

PER CURIAM.

Two of the most prominent features in Idaho's felony sentencing scheme are retained jurisdiction under I.C. § 19-2601(4) and reduction of sentence under Rule 35, I.C.R. Jurisdiction may be retained for up to 180 days, while a sentence may be reduced within 120 days after it is imposed. Today we address an issue involving these chronological relationships. We are asked to decide whether the time periods may be aggregated, enabling a defendant to seek Rule 35 relief within 120 days after the court has relinquished jurisdiction previously retained for up to 180 days. For reasons explained below, we hold that the time periods are not cumulative.

The facts giving rise to this issue may be stated briefly. Edgar Salsgiver received a withheld judgment and was placed on probation for the offense of lewd conduct with a minor under the age of sixteen. Salsgiver subsequently violated the terms of his probation. Judgment was entered and he was sentenced to a fifteen-year indeter-

minate term in the custody of the Board of Correction. However, the sentencing judge retained jurisdiction for 120 days under I.C. § 19–2601(4). Salsgiver went to the North Idaho Correctional Institution at Cottonwood for evaluation. The judge later extended jurisdiction for an additional sixty days. Shortly before the 180–day period expired, the NICI staff recommended that the judge relinquish jurisdiction. They also recommended that the judge consider reducing the fifteen-year sentence. The judge entered an order relinquishing jurisdiction but directing Salsgiver to file a Rule 35 motion.[1] Salsgiver complied within 120 days of the judge's order; however, his motion was made more than 120 days after the fifteen-year sentence was pronounced. Nevertheless, the judge conducted a hearing on the motion and reduced the sentence to a nine-year indeterminate term. The state then filed this appeal.

The state takes no position on the merits of the judge's adjustment to the sentence. Rather, it mounts a jurisdictional attack upon the judge's action.[2] The 120–day limitation on the filing of a Rule 35 motion is a jurisdictional limit on the power of the sentencing court. *See State v. Parrish,* 110 Idaho 599, 716 P.2d 1371 (Ct.App.1986). The question is what event triggers the running of the 120–day period. The state urges us to consult the literal language of Rule 35, which provides that "[t]he court may reduce a sentence within 120 days after the sentence is *imposed.*" (Emphasis added.) The state contends the word "imposed" refers to the initial pronouncement of sentence. This argument is grounded in Idaho Supreme Court decisions construing the word "imposed" as used in Rule 43, I.C.R. That rule enumerates the occasions when a defendant must be present in the courtroom. In *State v. Ditmars,* 98 Idaho 472, 567 P.2d 17 (1977), *cert. denied,* 434

U.S. 1088, 98 S.Ct. 1284, 55 L.Ed.2d 793 (1978), and again in *State v. White,* 107 Idaho 941, 694 P.2d 890 (1985), the Supreme Court held that a sentence is "imposed" when it is initially pronounced rather than when the court later relinquishes jurisdiction under I.C. § 19–2601(4). The Court in *Ditmars* further said that if the execution of a sentence is postponed, the sentence nevertheless has been "imposed." The Court in each of the cited cases held that relinquishment of jurisdiction is not the imposition of a sentence; consequently, a defendant need not be present under Rule 43 when the court takes such action.

By parity of reasoning, the state argues that a sentence is "imposed," within the meaning of Rule 35, when it is originally pronounced. The 120–day period for seeking Rule 35 relief runs from that date, not from a subsequent date when jurisdiction retained under I.C. § 19–2601(4) is relinquished. The state's reasoning is sound. Any attempt to distinguish between usages of the word "imposed" in two companion rules of our Supreme Court would be strained at best. Moreover, it would ignore the Supreme Court's repeated insistence that under Idaho's scheme of retained jurisdiction, unlike a similar federal scheme, a sentence is deemed to be "imposed" from the outset. *E.g., State v. White, supra; State v. Wolfe,* 99 Idaho 382, 582 P.2d 728 (1978); *State v. Ditmars, supra.* The Court's view is open to criticism, as reflected by the dissenting opinions filed in *Wolfe.* But the Court's view has remained constant for a decade and undoubtedly has influenced the evolution of literal language found in Rule 35.

We recognize that it may seem anomalous to bar Rule 35 motions more than 120 days after the original pronouncement of sentence and the retention of jurisdiction.

---

**1.** The district judge apparently was under the impression that a Rule 35 motion was necessary to invoke his power to reduce a sentence. As noted later in this opinion, we believe I.C. § 19–2601(4) gave him authority to reduce the sentence within the period of retained jurisdiction, regardless of whether a Rule 35 motion was filed. By relinquishing jurisdiction and

then acting solely on the purported authority of Rule 35, the judge set the stage for this appeal.

**2.** The record discloses no jurisdictional objection by the prosecutor to the court's entertainment of the Rule 35 motion. However, it is well settled that jurisdictional errors may be raised for the first time on appeal.

After all, the retained jurisdiction period consumes at least 120 days; occasionally, it consumes more. No time is left for a Rule 35 motion unless it is filed while jurisdiction is still being retained. But this is unlikely. Where a court retains jurisdiction, there is a substantial possibility that the defendant may never serve the sentence pronounced. By retaining jurisdiction, a court indicates that it is still considering the option of probation. It makes little sense for a defendant to file a motion to reduce his sentence before the probation decision has been made. Not only is the motion premature but it may irritate a judge upon whose good graces the defendant depends.

We further recognize that our interpretation of Rule 35, consistent with the Supreme Court decisions discussed above, may leave the motion to reduce a sentence with no meaningful function in a retained jurisdiction case. However, the apparent loss of potential relief under Rule 35 is offset in some measure by the power inherent in retained jurisdiction itself. Although I.C. § 19–2601(4) contains no explicit reference to reducing a sentence, we see no reason why a court, exercising the jurisdiction it has retained, may not reduce a sentence earlier pronounced. If the Rule 35 motion is essentially a plea for leniency, *see, e.g., State v. Lopez,* 106 Idaho 447, 680 P.2d 869 (Ct.App.1984), then a similar plea may be made to the court when it decides whether to relinquish jurisdiction.

▨ We conclude that the district court in this case acted beyond its jurisdiction by reducing the sentence after jurisdiction had been relinquished, in response to a motion made after the 120–day period prescribed by Rule 35 had elapsed.[3] Accordingly, the order adjusting the maximum length of the indeterminate sentence from fifteen years to nine years is reversed.

---

3. Salsgiver's remaining remedy is to seek a commutation of the sentence by the Commission of Pardons and Parole. Commutation is a discretionary grant of executive clemency. As a matter of comity between branches of government, the power of commutation should be exercised

The case is remanded for entry of an order reinstating the original judgment.

sparingly. However, where commutation would produce an adjusted sentence consonant with a district judge's underlying intent, such action would not infringe upon the principle of comity.