748 P.2d 1389

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Danny Eric SWAN,
Defendant–Appellant.**

No. 16893.

Court of Appeals of Idaho.

Jan. 27, 1988.

William M. Killen, Killen & Pittenger, McCall, for defendant-appellant.

Jim Jones, Atty. Gen., Peter C. Erbland, Deputy Atty. Gen., Boise, for plaintiff-respondent.

## PER CURIAM.

In this appeal, we are asked to review orders of the district court, in a criminal prosecution, revoking probation, relinquishing jurisdiction, and denying a motion to modify sentence. We affirm.

In October, 1985, Danny Swan pled guilty to a charge of aggravated assault. He received an indeterminate sentence of five years; however, the sentence was suspended by the court and Swan was released on probation. Later, on September 22, 1986, the probation was revoked and execution of the five-year sentence was ordered. The court retained jurisdiction for a period of 120 days under I.C. § 19–2601. On February 2, 1987, the court relinquished its jurisdiction. On February 19, 1987, Swan filed a motion under I.C.R. 35 seeking a modification of his sentence by reducing the sentence to the time he had already served, or to "correct the sentence to precisely identify the actual time remaining to be served in the interest of certainty." Swan's motion was denied without a hearing on March 16, 1987. On March 30, 1987, Swan filed a notice of appeal.

## I

The primary thrust of Swan's appeal challenges the district court's exercise of discretion in entering (a) the September, 1986, order revoking probation and directing execution of the sentence and (b) the February 2, 1987, order relinquishing jurisdiction. We hold that the issues Swan asks us to review, with respect to those orders, have not been preserved through a timely appeal.

Idaho Appellate Rule 14(a) establishes a time period of 42 days within which a notice of appeal must be filed. The rule provides that:

The time for an appeal from any criminal judgment, order or sentence in an action is terminated by the filing of a motion within fourteen (14) days of the entry of the judgment which, if granted, could affect the judgment, order or sentence in the action, in which case the appeal period for the judgment and sentence commences to run upon the date of the clerk's filing stamp on the order deciding such motion.

Here, no motion was filed by Swan "within fourteen (14) days of the entry of the judgment" which would extend the time for filing this appeal. The only motion of record was the one under I.C.R. 35, filed February 19, 1987, seventeen days after the district court relinquished its jurisdiction. *Compare State v. Knight,* 106 Idaho 496, 681 P.2d 6 (Ct.App.1984) (holding that prior to amendment of I.A.R. 14(a) in 1984 to include the fourteen-day provision, a Rule 35 motion filed within 120 days of judgment would extend the time to appeal).

Rule 14(a), I.A.R., also provides that:

In a criminal case, the time to file an appeal is enlarged by the length of time the district court actually retains jurisdiction, up to one hundred and twenty (120)

days and an extension up to an additional sixty (60) days pursuant to Section 19–2601(4), Idaho Code. When the court releases its retained jurisdiction or places the defendant on probation, the time within which to appeal shall commence to run.

Here, the notice of appeal was filed on March 30, 1987, more than 42 days after the court released its jurisdiction on February 2, 1987. Thus no timely appeal was taken either from the judgment of conviction, from the order revoking probation, or from the order relinquishing jurisdiction. *State v. Yarbrough,* 106 Idaho 545, 681 P.2d 1020 (Ct.App.1984). Hence, we are without jurisdiction to address the issues raised by Swan concerning the district court's discretion in revoking probation or relinquishing jurisdiction. *State v. Tucker,* 103 Idaho 885, 655 P.2d 92 (Ct.App.1982).

## II

Swan's notice of appeal was filed within 42 days after his Rule 35 motion was denied by the district court. Thus the order denying the motion to modify is properly before us. Swan does not present any basis for a review of that portion of his motion which requested the district court to "correct the sentence to precisely identify the actual time remaining to be served." Hence, we will not address that question. He does, however, argue that his five-year sentence is excessive—thus suggesting that the district court should have reduced the sentence as requested, under Rule 35, to the time Swan had already served on his sentence.

The decision whether to reduce a sentence rests in the sound discretion of the sentencing court. *State v. Lopez,* 106 Idaho 447, 680 P.2d 869 (Ct.App.1984). Swan received the suspended five-year indeterminate sentence in 1985 for aggravated assault when he pled guilty to shooting at another person. While he was on probation he was arrested in 1986 for pointing a handgun at a woman seated in an automobile and for possession of L.S.D., a controlled substance. Those incidents resulted in his admission of probation violations and in the revocation of his probation under the suspended sentence. After Swan's probation was revoked and he was incarcerated with jurisdiction retained by the district court, the court received a report from the Board of Correction dated January 28, 1987, disclosing that between December 24, 1986 and January 23, 1987, Swan had made threats to kill his wife and her boyfriend after Swan had received a "Dear John" letter. This report resulted in the court relinquishing jurisdiction over Swan.

Given Swan's history, we hold that his five-year indeterminate sentence was not excessive and the district court did not abuse its discretion in refusing to reduce the sentence. The order denying Swan's Rule 35 motion is affirmed.