917 P.2d 800

Donald Marvin TOLMAN,
Petitioner–Appellant,

v.

STATE of Idaho, Respondent.

No. 21871.

Court of Appeals of Idaho.

May 30, 1996.

**644**

Van G. Bishop, Canyon County Public Defender, Nampa, for appellant.

Alan G. Lance, Attorney General; Myrna A.I. Stahman, Deputy Attorney General, Boise, for respondent.

· PERRY, Judge.

In this case we are asked to review the denial of an application for post-conviction relief. After reviewing the record and applicable law, we affirm.

## I.

### FACTS AND PROCEDURE

Donald Marvin Tolman was charged with two counts of lewd conduct and one count of child sexual abuse. I.C. §§ 18–1508; –1506. A jury convicted Tolman of all three counts. The district court sentenced Tolman to unified life terms for the lewd conduct convictions, with minimum periods of confinement of ten and fifteen years, respectively. The district court imposed a unified term of fifteen years, with a five-year minimum period of incarceration, for the sexual abuse charge, to run concurrently with the sentences for lewd conduct. The district court retained jurisdiction, awaiting an evaluation by the North Idaho Correctional Institution (NICI). Tolman filed an I.C.R. 35 motion for reduction of his sentences. The district court held a hearing to review Tolman's retained jurisdiction performance and his I.C.R. 35 motion. At the conclusion of the hearing the district court denied the I.C.R. 35 motion, relinquished jurisdiction and committed Tolman to the Department of Corrections for the sentences previously imposed. Tolman appealed the denial of his I.C.R. 35 motion, along with other issues. The Idaho Supreme Court affirmed the judgments of conviction and sentences imposed by the district court. See State v. Tolman, 121 Idaho .899, 828 P.2d 1304 (1992).

Tolman filed a pro se application for post-conviction relief, claiming that his due process rights were violated by the procedures employed by NICI. Specifically, Tolman claims that he was not provided an opportunity to review the psychological evaluation, social worker's report or recommendation prepared by NICI. Tolman also claims he had a right to a rebuttal hearing prior to the jurisdictional review committee's recommendation being ·forwarded to the district court. Counsel was appointed to represent Tolman during the post-conviction relief proceedings. The district court provided Tolman an evidentiary hearing on his post-conviction relief application. Following the hearing, the district court denied Tolman's request for post-conviction relief. Tolman now appeals.

## II.

## ANALYSIS

■ An applicant for post-conviction relief bears the burden of proving, by a preponderance of the evidence, the allegations on which the applicant's claims are based. I.C.R. 57(c); *Estes v. State,* 111 Idaho 430, 436, 725 P.2d 135, 141 (1986); *Clark v. State,* 92 Idaho 827, 830, 452 P.2d 54, 57 (1969). Where there is competent and substantial evidence to support the district court's decision made after an evidentiary hearing on an application for post-conviction relief, that decision will not be disturbed on appeal. *Holmes v. State,* 104 Idaho 312, 658 P.2d 983 (Ct.App.1983). Findings of fact by the district court will not be set aside on appeal unless they are clearly erroneous. *Id.* at 313, 658 P.2d at 984; I.R.C.P. 52(a). The credibility of the witnesses, the weight to be given to their testimony, and the inferences to be drawn from the evidence are all matters solely within the province of the district court. *Larkin v. State,* 115 Idaho 72, 764 P.2d 439 (Ct.App.1988).

Tolman claims that his due process rights were violated through the procedures utilized by NICI. He contends that he was denied appropriate review of relevant materials as well as an opportunity to rebut the proposed recommendation of the jurisdictional review committee. Tolman asserts that these denials are of constitutional magnitude and entitle him to post-conviction relief in the form of a current review of his fitness for probation. However, we note that the jurisdictional review committee's report did not take the form of a recommendation to relinquish jurisdiction.[1]

The district court, in considering Tolman's post-conviction relief application, found that Tolman suffered no due process violation because his procedural rights were satisfied by the hearing afforded by the court on Tolman's I.C.R. 35 motion and the relinquishment of jurisdiction. The district court found that because Tolman was provided a hearing before the district court, at which he was represented by an attorney and was allowed to review the NICI progress report, present evidence and make a rebuttal, he was not prejudiced by any alleged deficiency in the procedures at NICI.

■ Tolman disputes the district court's finding that he had an opportunity to review the progress report and attached psychological evaluation. Appellate judges should defer to findings of fact based upon substantial evidence. *Staggie v. Idaho Falls Consol. Hosps., Inc.,* 110 Idaho 349, 351, 715 P.2d 1019, 1021 (Ct.App.1986). The district court's finding that Tolman had the opportunity to review the relevant evaluation was supported by substantial, although conflicting, evidence presented during the post-conviction relief hearing.

■ In denying Tolman's post-conviction relief application, the district further found:

NICI did not make a recommendation as to whether Tolman should be placed on probation, but rather provided to this judge a progress report. A copy of that report was provided to Tolman's attorney prior to the hearing. . . .

4. If Tolman was not afforded all of his due process rights while at NICI, Tolman was not prejudiced by NICI's acts or omissions, because this district judge afforded Tolman an opportunity to view the progress report (by providing a copy to Tolman's attorney), to present evidence, to make a rebuttal and other rights at the hearing on February 2, 1990.

The district court concluded that Tolman was not prejudiced by any acts or omissions of NICI because he was afforded all due process rights attached to the relinquishment of jurisdiction during the I.C.R. 35 motion and relinquishment hearing before the district court. We agree.

If Tolman believed that he had been precluded from presenting pertinent evidence to the jurisdictional review committee regarding relinquishment of jurisdiction, said evidence could and should have been submitted during the hearing before the district court.

---

1. The jurisdictional review committee offered no recommendation, as it understood that the district court sought only a baseline evaluation of Tolman to serve as a point of reference for later psychological evaluations pursuant to I.C. § 20–223.

Because Tolman had the opportunity to present information relevant to the relinquishment of jurisdiction in the criminal action, the application for post-conviction relief was properly dismissed.

 Further, remedial measures are inappropriate at this time because Tolman has already received the relief which he is now seeking. Tolman argues that the proper remedy for a due process violation during a period of retained jurisdiction is a current evaluation for amenability to probation. Tolman is correct in this regard. This Court held in *Thorgaard v. State*, 125 Idaho 901, 876 P.2d 599 (Ct.App.1994):

> A constitutional error occurring at the NICI proceeding, if shown to be prejudicial, taints the sentencing court's order to relinquish jurisdiction. In such a case, the appropriate appellate response ordinarily is to remand for a proper exercise of discretion, free of error.... To that end, we direct the district court to conduct a new hearing at which Thorgaard's current institutional behavior, rehabilitative progress and potential, and fitness for probation may be examined.

*Id.* at 906, 876 P.2d at 604 (citations omitted); *see also Free v. State*, 125 Idaho 760, 767, 874 P.2d 571, 578 (Ct.App.1993).

At the conclusion of his retained jurisdiction, Tolman went before the district court for consideration of his I.C.R. 35 motion and a determination of whether jurisdiction should be relinquished. The district court commenced the February 2, 1990, hearing by stating:

> I would note for the record that actually in this case that I don't believe the Court has ever entered a formal order relinquishing jurisdiction in this matter. I've waited because the motion was filed in October on this, because I think it is appropriate to consider both the things raised with the Rule 35 as well as the—on the question of whether the Court should relinquish jurisdiction or not. So, go ahead.

Tolman then addressed the district court and discussed his performance while incarcerated, his rehabilitation efforts and his plans for the future. Tolman requested probation and presented information regarding treatment programs in which he would like to participate if placed on probation. Tolman expressed his desire to be a benefit to society and to prevent himself from reoffending. His attorney then presented argument in favor of probation. The district court reviewed Tolman's current institutional behavior, rehabilitative progress and potential, and fitness for probation.

In light of the hearing provided by the district court prior to relinquishment of jurisdiction, even if Tolman was not afforded due process at NICI, he then received it in the district court. Thus, the proper appellate remedy for due process violations in jurisdictional review proceedings, ordering a review by the district court of Tolman's current probation fitness, has already been completed by the district court. The district court heard arguments by Tolman and his attorney which specifically addressed all areas to be covered in the remedial hearing as outlined in *Thorgaard* and *Free*. Hence, a further review of the alleged violations at NICI is unnecessary. The district court's order denying post-conviction relief is therefore affirmed.

### III.

### CONCLUSION

Tolman alleges that he was subject to due process violations at NICI. Any opportunities which Tolman may have been denied at NICI were compensated for at the hearing before the district court. Further, the remedy for due process violations at NICI has already been provided to Tolman. This Court will not award yet another hearing before the district court to review issues which have already been addressed, specifically Tolman's amenability to probation. We affirm the district court's order denying post-conviction relief.

WALTERS, C.J., and LANSING, J., concur.