943 P.2d 933

**Dave BUFFINGTON, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

**No. 23477.**

Supreme Court of Idaho, Boise, May 1997 Term.

Aug. 14, 1997.

Lynn, Scott, Hackey & Jackson, Boise; American Civil Liberties Union, Denver, CO, for petitioner–appellant. Stephen L. Pevar argued.

Alan G. Lance, Attorney General, L. La-Mont Anderson, Deputy Attorney General, Boise, for respondent. L. LaMont Anderson argued.

**ON REVIEW**

SILAK, Justice.

This is an appeal from a district court decision dismissing the appellant Dave Buffington's (Buffington) application for post-conviction relief as untimely. Three years after the district court relinquished jurisdiction in Buffington's case, Buffington filed the application, alleging that his procedural due process rights were violated during the jurisdic-

tional review process at the North Idaho Correctional Institution (NICI). After the district court dismissed his petition as untimely, Buffington appealed. The Idaho Court of Appeals upheld the district court in an unpublished opinion.

## I.

## FACTS AND PROCEDURAL BACKGROUND

In March 1992, Buffington pled guilty to felony lewd conduct with a minor child under sixteen. I.C. § 18–1508 (1987). In April 1992, the district court sentenced Buffington to an indeterminate term of fifteen years, with three years fixed. However, the court also retained jurisdiction pending the outcome of Buffington's evaluation through the rider program at NICI. The jurisdictional review committee at NICI recommended that the court drop jurisdiction. Before the district court decided whether to relinquish jurisdiction, it held a hearing at which Buffington and his counsel were present and were given the opportunity to present evidence. Buffington and another person testified on Buffington's behalf. After the hearing, the district court relinquished jurisdiction.

Buffington did not appeal the judgment or relinquishment of jurisdiction. In November 1992, he filed an I.C.R. 35 motion, which he apparently abandoned after a psychological evaluation concluded that Buffington presented a risk of re-offending. On May 23, 1995, three years after the judgment and sentencing, and after the federal district court decision in *Browning v. Vernon,* 874 F.Supp. 1112 (D.Idaho 1994), Buffington filed an application for post-conviction relief. In the application, Buffington alleged several procedural due process violations.

The district court filed a notice of intent to dismiss the petition as untimely, because Buffington did not file his petition within the one-year statute of limitations set forth in Idaho Code section 19–4092. That section was amended in 1993 to reduce the time for filing a petition from five years to one year "from the expiration of the time for appeal or from the determination of an appeal or from

the determination of a proceeding following an appeal, whichever is later." I.C. § 19–4902 (Supp.1996). That amendment took effect on July 1, 1993. Thus, the district court ruled that Buffington's time to file a petition expired on July 2, 1994.

In its "Memorandum and Judgment Dismissing Application for Post–Conviction Relief," the district court stated that Buffington argued in an answer to the notice that he did not have a viable post-conviction relief claim until the decision in *Browning.* That answer was not made part of the record on appeal. Nevertheless, the district court ruled that "the claimed change in the law did not change the applicable statute of limitations," and that because that case "was concerned only with procedures before the jurisdictional review committee at Cottonwood [that holding] is immaterial to this case, because jurisdiction was dropped only after Buffington had been afforded the right to a hearing before the court."

Buffington appealed, arguing that the *Browning* decision amounted to a change in the law, and that the statute of limitations should therefore be tolled. According to Buffington, the one year statute of limitations began to run on September 30, 1994, the date of the *Browning* decision. Thus, his petition for post-conviction relief, filed on July 27, 1995, would have been timely.

The Court of Appeals affirmed the district court decision in an unpublished opinion, ruling that Buffington's right of action existed before *Browning* under the authority of *State v. Wolfe,* 99 Idaho 382, 582 P.2d 728 (1978), and that *Browning* did not represent a change in the law. We granted Buffington's petition for review.

## II.

## ISSUE

The issue on appeal is whether the district court erred in dismissing Buffington's petition as untimely.

## III.

## STANDARD OF REVIEW

■ When this Court reviews the summary disposition of an application for post-

conviction relief, we review the facts in the light most favorable to the petitioner, and then determine whether the petitioner would be entitled to relief were the facts true. *Parrott v. State*, 117 Idaho 272, 274, 787 P.2d 258, 260 (1990). However, we are not required to accept the petitioner's legal conclusions. *Id.* We exercise free review of the trial court's determination that constitutional requirements were satisfied in light of the facts. *Gafford v. State*, 127 Idaho 472, 475, 903 P.2d 61, 64 (1995).

## IV.

## THE HEARING HELD BY THE DISTRICT COURT BEFORE IT RELINQUISHED JURISDICTION WAS AN ADEQUATE REMEDY TO CURE ANY PROCEDURAL DUE PROCESS DEFECTS IN THE NICI JURISDICTIONAL REVIEW PROCESS.

Buffington has alleged several procedural due process violations, and has also argued that *Browning* created "new rules" which should operate to toll the statute of limitations for filing an application for post-conviction relief. The State points out that the district court held a hearing before it relinquished jurisdiction over Buffington, and argues that any due process deprivations which occurred at NICI were thus cured.

Buffington conceded in his reply brief on review that the only procedural due process requirements addressed by the federal district court that would qualify as "new rules" were the right to staff assistance in contacting witnesses, the right to contact legal counsel by telephone, and the right to an impartial hearing examiner. We note, however, that the right to staff assistance in contacting witnesses was enunciated by the Court of Appeals prior to the *Browning* decision. *See Bradford v. State*, 124 Idaho 788, 791, 864 P.2d 626, 629 (Ct.App.1993) (noting that there could be procedural due process violations inherent in the practice of placing the inmate in administrative segregation pending the rebuttal hearing, but holding that such infirmities could be cured by the appointment of a staff representative to contact witnesses).

■ Assuming *arguendo*, and without so deciding, that the right to contact legal counsel by telephone and the right to an impartial hearing examiner are "new rules," we hold that Buffington nevertheless has already received any remedy to which he might be entitled. This Court has not previously considered what the proper remedy would be for procedural due process violations occurring during the NICI jurisdictional review process. The Court of Appeals, however, has held that the proper remedy is a hearing before the district court, at which the court considers the defendant's current amenability to probation. *Thorgaard v. State*, 125 Idaho 901, 906, 876 P.2d 599, 604 (Ct.App. 1994); *Free v. State*, 125 Idaho 760, 767–68, 874 P.2d 571, 577–78 (Ct.App.1993) (Rev.denied.). We agree.

In *Thorgaard* and *Free*, the Court of Appeals remanded each case for a further hearing before the district court, at which the district court could consider the inmate's "current institutional behavior, rehabilitation progress and potential, and fitness for probation." *Free*, 125 Idaho at 767–68, 874 P.2d at 578. However, a remand is not always necessary nor appropriate. Recently, the Court of Appeals affirmed a district court ruling that even if there had been procedural due process violations during the jurisdictional review process, the hearing which the district court held prior to relinquishing jurisdiction was sufficient to cure any constitutional infirmities. *Tolman v. State*, 128 Idaho 643, 645, 917 P.2d 800, 802 (Ct.App.1996). The Court of Appeals stated that

[i]f Tolman believed that he had been precluded from presenting pertinent evidence to the jurisdictional review committee regarding relinquishment of jurisdiction, said evidence could and should have been submitted during the hearing before the district court. Because Tolman had the opportunity to present information relevant to the relinquishment of jurisdiction in the criminal action, the application for post-conviction relief was properly dismissed.

*Id.* at 645–46, 917 P.2d at 802–03.

Rather than simply relinquishing jurisdiction over Buffington based upon the NICI

jurisdictional review report, the district court held a hearing. The record reflects that Buffington and his attorney were both present at that hearing, and were given the opportunity to present evidence. Buffington and another witness testified on Buffington's behalf. This hearing cured any constitutional violation which may have occurred during the NICI process because Buffington was not allowed to contact legal counsel prior to the rebuttal hearing. Further, Buffington and his attorney were given the opportunity, before the district court, to rebut the jurisdictional review committee's recommendation. This cured any constitutional violation which may have occurred if the NICI jurisdictional review committee was not impartial.

 Therefore, we hold that the hearing which the district court conducted before it relinquished jurisdiction cured any possible constitutional violations which may have occurred during the NICI jurisdictional review process. Buffington has already received any remedy to which he might be entitled. We therefore do not address the issue of whether *Browning* created "new rules."

## V.

### CONCLUSION

We affirm the decision of the district court dismissing Buffington's application for post-conviction relief. Because the district court held a hearing before it relinquished jurisdiction, at which Buffington and his attorney were present and given the opportunity to present evidence, we hold that Buffington has already received any remedy to which he might be entitled.

TROUT, C.J., and SCHROEDER, J., concur.

JOHNSON, Justice, dissenting.

I respectfully dissent from the Court's opinion.

*State v. Wolfe*, 99 Idaho 382, 387, 582 P.2d 728, 733 (1978) established that a prisoner in whose case the district court has retained jurisdiction is entitled to due process of law in the development of a recommendation by the correctional authorities. Buffington's petition for post-conviction review alleges:

1. Upon notice of the date for the Jurisdictional Review Board meeting, the petitioner was placed in confinement and was not permitted access to potential witnesses....

. . . .

8. The petitioner was not permitted to contact his legal counsel to prepare for his rebuttal.

9. The petitioner was not permitted to have his staff representative assist him with his rebuttal.

. . . .

12. The petitioner was not permitted to have his staff representative present and was not permitted a continuance until his staff representative could be present.

In my view, these allegations state a violation of due process that is not covered in *Wolfe*. Therefore, the statute of limitations on which the district court relied in dismissing Buffington's petition should have been extended to allow this assertion of protection under a "new rule." *Application of Gafford*, 127 Idaho 472, 476, 903 P.2d 61, 65 (1995) (applying a new rule on collateral review where it requires the observance of procedure implicit in the concept of ordered liberty).

I could agree with the Court's rationale that the hearing in district court cured this constitutional deficiency, except for the fact that the record does not indicate that the district court gave no weight to the recommendation of the jurisdictional review committee. The only information in the record before us concerning the hearing is the following statement made by the district court in dismissing Buffington's application for post-conviction relief:

The jurisdictional review committee recommended that the jurisdiction be dropped. Before making a ruling, the court held a hearing on September 25, 1992, at which Buffington and his attorney were present and given an opportunity to present evidence and argument. Buffington and another person testified on his behalf. Later on September 25th the

court entered a written memorandum and order dropping jurisdiction.

This statement by the district court leaves me in doubt whether the court considered the recommendation of the jurisdictional review committee in reaching its decision to drop jurisdiction. If it did, and if Buffington's allegations were true, this would have violated Buffington's right to due process because of the failure of NICI during the formulation of the recommendation. If this were true, the district court should have treated the recommendation as a nullity and given it no weight.

I would remand the case to the district court for a new hearing to determine the truth of Buffington's allegations. If they are true, the district court should conduct a new hearing to determine whether Buffington should be granted probation. In doing so, the district court should exlude any consideration of the recommendation of the jurisdictional review committee.

McDEVITT, J., concurs.