947 P.2d 388 (1997)
130 Idaho 388
Michael Ellis OWEN, Sr., Petitioner-Appellant,
v.
STATE of Idaho, Respondent.
No. 23161.
Supreme Court of Idaho, Boise, May 1997 Term.
September 2, 1997.
Byington, Holloway, Whipple & Jones Chtd., Jerome, for Petitioner-Appellant. Marilyn Paul argued.
Hon. Alan G. Lance, Attorney General; L. LaMont Anderson, Deputy Attorney General, Boise, for Respondent. L. LaMont Anderson argued.
SCHROEDER, Justice.
This is an appeal from the district court's dismissal of petitioner's claim for post conviction relief.

I.

BACKGROUND AND PRIOR PROCEEDINGS
On February 12, 1991, Michael Ellis Owen, Sr. (Owen), pled guilty to two counts of lewd conduct with a minor under sixteen in violation of section 18-1508 of the Idaho Code. Owen was sentenced to two ten-year determinate and two ten-year indeterminate sentences to be served consecutively. The district court retained jurisdiction pending a 180-day evaluation at North Idaho Correctional Institute (NICI). See I.C. § 19-2601.
Near the end of the period of retained jurisdiction Owen was informed that the Jurisdictional Review Committee ("Committee") would recommend to the district court that he not be placed on probation, but rather that he be retained in the correctional system. He was given ten to twelve minutes to review his file and was not given writing material to take notes. The file was taken from him before he had completed his review. Owen was placed in administrative segregation pending a hearing scheduled for *389 the following day and given writing material to prepare his rebuttal. He requested contact with NICI staff members and other inmates, but was denied access to one staff member because it was his day off and was told that he could not talk to any other inmates. Owen also claims he did contact another NICI staff member who refused to appear as a witness at his rebuttal hearing. Owen's rebuttal hearing was held on September 24, 1991. Following the rebuttal hearing, the Committee submitted its recommendation to the district court that Owen not be placed on probation, but instead be retained in the correctional system. After the rebuttal hearing a psychological report was completed on Owen and became part of his file, though he could not review this report prior to his rebuttal hearing.
On October 22, 1991, a hearing was conducted before the district court for the purpose of deciding whether Owen would be retained in the correctional system, receive probation or a sentence modification. The hearing was attended by Owen and his attorney. Owen was permitted to rebut the Committee's recommendation, and the district court had the results of Owen's psychological report. Following this hearing, the district court relinquished jurisdiction but reduced Owen's sentences so that they would be served concurrently.
Owen filed a petition for post-conviction relief on February 19, 1992. On February 16, 1993, the State moved for summary judgment. The matter was continued due to pending civil litigation in federal district court. See Browning v. Vernon, 874 F.Supp. 1112 (D.Idaho 1994), aff'd, 44 F.3d 818 (9th Cir.1995). Owen filed amended petitions for post-conviction relief alleging that he had rehabilitative potential that should have been considered and that he was denied due process by the NICI jurisdictional review process. The district court conducted an evidentiary hearing on March 8, 1996.
The district court dismissed Owen's petition for post-conviction relief pursuant to I.C. § 19-4907, stating that Owen's "arguments concerning a lack of due process while in the Cottonwood facility review process are moot because the defendant was personally brought before the sentencing judge for a complete review of all Cottonwood generated material." The district court also concluded that Owen had presented no new evidence other than the psychological report. Owen appealed the dismissal of his petition for post-conviction relief to this Court.

II.

STANDARD OF REVIEW
An application for post-conviction relief initiates a special proceeding in which the applicant bears the burden of pleading and proof imposed upon a civil plaintiff. Thorgaard v. State, 125 Idaho 901, 876 P.2d 599 (Ct.App.1994); Clark v. State, 92 Idaho 827, 452 P.2d 54 (1969). Where the applicant claims the procedures employed by the NICI jurisdictional review committee violated his rights to due process, he must allege, and then prove by a preponderance of the evidence, the facts establishing such violation. Sosa v. State, 127 Idaho 766, 768, 906 P.2d 136, 138 (Ct.App.1995); Thorgaard, 125 Idaho at 904, 876 P.2d at 602; McDonald v. State, 124 Idaho 103, 856 P.2d 893 (Ct.App. 1992). "In the absence of a showing of prejudice, an application for post-conviction relief is properly denied." Free v. State, 125 Idaho 760, 765, 874 P.2d 571, 576 (Ct.App.1993); Bradford v. State, 124 Idaho 788, 864 P.2d 626 (Ct.App.1993).
When the district court conducts an evidentiary hearing on an application for post-conviction relief, it is required to "make specific findings of fact, and state expressly its conclusions of law, relating to each issue presented." I.C. § 19-4907(a). On appeal, the district court's findings of fact will be disturbed only if they are clearly erroneous. The Court freely reviews the legal conclusions drawn by the district court. Free, 125 Idaho at 763, 874 P.2d at 574; Holmes v. State, 104 Idaho 312, 658 P.2d 983 (Ct.App. 1983).

III.

THE HEARING BEFORE THE DISTRICT COURT ON OCTOBER 22, 1991, CURED ANY DUE PROCESS VIOLATIONS THAT MAY HAVE OCCURRED IN THE NICI PROCESS.
For purposes of deciding this case the Court assumes that Owen's due process *390 rights were violated in the review that took place at NICI. It appears that he had little opportunity to prepare for his rebuttal hearing, that he was prevented from making the contacts that may have been necessary for adequate preparation, and that he was denied the opportunity to call witnesses from among the inmates and staff at NICI. Nevertheless, this case is factually similar to Tolman v. State, 128 Idaho 643, 917 P.2d 800 (Ct.App.1996), which is persuasive in its reasoning.
In Tolman, "[a]t the conclusion of his retained jurisdiction, Tolman went before the district court for consideration of his I.C.R. 35 motion and a determination of whether jurisdiction should be relinquished." 128 Idaho at 646, 917 P.2d at 803. The procedures afforded Tolman before the district court prior to modifying the sentence and relinquishing jurisdiction were similar to those afforded Owen:
Tolman then addressed the district court and discussed his performance while incarcerated, his rehabilitation efforts and his plans for the future. Tolman requested probation and presented information regarding treatment programs in which he would like to participate if placed on probation. Tolman expressed his desire to be a benefit to society and to prevent himself from reoffending. His attorney then presented argument in favor of probation. The district court reviewed Tolman's current institutional behavior, rehabilitative progress and potential, and fitness for probation.
Id. The Court of Appeals determined that "[t]he district court heard arguments by Tolman and his attorney which specifically addressed all areas to be covered in the remedial hearing as outlined in Thorgaard and Free. Hence, a further review of the alleged violations at NICI is unnecessary." Id.
In this case the district court afforded Owen a full opportunity for rebuttal with the assistance of counsel and use of the psychological report he desired to have considered. In addition, Owen had the opportunity to call witnesses and present any other relevant evidence, but he had none. The district court remedied any flaws that may have existed in the NICI review and, in fact, substantially reduced the sentence following the hearing.

IV.

CONCLUSION
The decision of the district court dismissing the petition for post-conviction relief is affirmed.
TROUT, C.J., and SILAK, J., concur.
JOHNSON, Justice, dissenting.
I respectfully dissent from the Court's conclusion that the hearing before the district court cured any due process violations that may have occurred in the NICI process.
State v. Wolfe, 99 Idaho 382, 387, 582 P.2d 728, 733 (1978) established that a prisoner in whose case the district court has retained jurisdiction is entitled to due process of law in the development of a recommendation by the correctional authorities concerning whether the district court should place the prisoner on probation.
I could agree with the Court's rationale that the hearing in district court cured any constitutional deficiency in the development of the recommendation that Owen not be placed on probation, except for the fact that the district court required Owen to rebut the recommendation that he not be placed on probation. In my view, if there were due process violations in the development of the recommendation, the recommendation should not have been considered by the district court, and the district court should not have required Owen to rebut the recommendation. Therefore, I would remand the case to the district court for a determination of the truth of Owen's allegations that his right to due process was violated. If the district court determines that these allegations are true, the district court should conduct a new hearing concerning whether Owen should be placed on probation. In this hearing, the district court should not consider the recommendation.
*391 McDEVITT,[*] J., concurs.
NOTES
[*] Justice McDevitt participated in this decision prior to his resignation.