970 P.2d 516

STATE of Idaho, Plaintiff–Respondent,

v.

Gilbert ALVARADO; Defendant–Appellant.

No. 24166.

Court of Appeals of Idaho.

Dec. 4, 1998.

Douglas R. Whipple, Cassia County Public Defender, Dennis R. Byington, Deputy Public Defender, Burley, for appellant. Dennis R. Byington argued.

Hon. Alan G. Lance, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

## PER CURIAM.

Gilbert Rios Alvarado pled guilty to one count of felony eluding a police officer, I.C. § 49–1404(2). He was sentenced to serve a unified three-year sentence, with eighteen months fixed. The court suspended the sentence and placed Alvarado on probation for three years. Following a probation violation, the court revoked Alvarado's probation and retained jurisdiction for 180 days. On June 23, 1997, at the conclusion of the 180–day period, the district court relinquished jurisdiction without holding a hearing and ordered that Alvarado remain in the custody of the Department of Corrections. Alvarado did *not* file a direct appeal from the order relinquishing jurisdiction.

On July 18, Alvarado filed an Idaho Criminal Rule 35 motion to correct or reconsider his sentence and memorandum in support thereof, contending that the district court's decision to relinquish jurisdiction without holding a hearing violated his rights under I.C. § 19–2601(4)[1] and I.C.R. 32(g).[2] By written order, the court denied the motion on August 13. Alvarado filed his appeal from

the district court's denial of his Rule 35 motion on September 23, 1997. We affirm.

■ Alvarado argues that when the district court relinquished jurisdiction without holding a hearing, the court imposed sentence in an illegal manner and thus I.C.R. 35 is a proper procedural vehicle to raise this issue. Under that rule, a court may correct a sentence that has been imposed in an illegal manner within 120 days of the relinquishment of jurisdiction.

■ However, Alvarado's motion complaining of the *ex parte* procedure used in relinquishing jurisdiction was not a challenge to the manner in which sentence was *imposed.* Idaho appellate courts have long adhered to the principle that a sentence is imposed when initially pronounced, even though jurisdiction is retained under I.C. § 19–2601(4) or the sentence is suspended. *State v. Ditmars,* 98 Idaho 472, 474, 567 P.2d 17, 19 (1977); *State v. Omey,* 112 Idaho 930, 932, 736 P.2d 1384, 1386 (Ct.App.1987); *State v. Salsgiver,* 112 Idaho 933, 934, 736 P.2d 1387, 1388 (Ct.App.1987) ("a sentence is deemed 'imposed' from the outset."). Alvarado's sentence was imposed when judgment was entered, not when jurisdiction was relinquished on June 23, 1997. Therefore, a Rule 35 motion cannot be used as the procedural mechanism to raise this issue.

■ In order to challenge a district court's order relinquishing jurisdiction, a defendant must file an appeal within forty-two days of the entry of the court's order. *State v. Swan,* 113 Idaho 859, 861, 748 P.2d 1389, 1391 (Ct.App.1988); *see also State v. Williams,* 126 Idaho 39, 878 P.2d 213 (Ct.

1. In relevant part, I.C. § 19–2601(4), as amended in 1995, provides as follows:

   In no case shall the board of correction or its agent, the department of correction, be required to hold a hearing of any kind with respect to a recommendation to the court for the grant or denial of probation. Probation is a matter left to the sound discretion of the court. Any recommendation made by the department to the court regarding the prisoner shall be in the nature of an addendum to the presentence report.

2. Idaho Criminal Rule 32(g) provides, in relevant part, as follows:

   Full disclosure of the contents of the presentence report shall be made to the defendant, defendant's counsel, and the prosecuting attorney prior to any hearing on the sentence except as hereinafter provided. The defendant and defendant's attorney shall be given a full opportunity to examine the presentence investigation report so that, if the defendant desires, the defendant may explain and defend adverse matters therein. The defendant shall be afforded a full opportunity to present favorable evidence in defendant's behalf during the proceeding involving the determination of sentence.

App.1994). This Alvarado failed to do, and his Rule 35 motion was filed more than fourteen days after entry of the order relinquishing jurisdiction. *See* I.A.R. 14(a). Thus, this Court is without jurisdiction to consider the merits of Alvarado's claim.

We therefore affirm the district court's denial of Alvarado's Rule 35 motion.

SCHWARTZMAN, Judge, ALSO SPECIALLY CONCURRING.

'The time has come,
the Legislature said,
To give its own retort;
Of p.s.i.'s and rider reviews,
Of due process and the court.'[3]

While I agree in the result of the per curiam opinion, I write separately to give voice to the concern that Alvarado's claim raises a legitimate issue regarding the court's failure to hold a hearing before relinquishing jurisdiction. Prior to the 1995 legislative amendment noted herein, Idaho appellate courts long adhered to the proposition that a district court need not provide a defendant with a hearing before relinquishing jurisdiction. Nevertheless, the resultant fallout from *State v. Ditmars*, 98 Idaho 472, 567 P.2d 17 (1977), and *State v. Wolfe*, 99 Idaho 382, 582·P.2d 728 (1978), has produced a virtual merry-go-round of post-conviction relief actions and appeals regarding how much process is due through the retained jurisdiction program. *But see Buffington v. State*, 130 Idaho 507, 943 P.2d 933 (1997) (district court hearing before relinquishing jurisdiction will cure any possible procedural due process violations which may have occurred during correctional institution's jurisdictional review process). This cacophony of litigation reached its high-water mark in *Browning v. Vernon*, 874 F.Supp. 1112 (D.Idaho 1994), aff'd, 44 F.3d 818 (9th Cir.1995). In 1995, the Idaho Legislature said, metaphorically speaking, "Hold, Enough Already!" and enacted the amendment to Idaho Code § 19–2601(4), purporting to dispense with the requirements of due process at the administrative level. *See* footnote 1, *supra*.

This amendment has sparked a new wave of interest in petitioning this Court to reconcile the *Ditmars–Wolfe*–I.C. § 19–2601(4) dilemma. At present I can think of at least three (3) plausible alternatives, although creative lawyering from the appellate bar might hypothesize other variations: (1) the amendment simply dispenses with the *Wolfe* requirements of due process at the institutional level and everything else remains intact; (2) the amendment is unconstitutional and must be disregarded; or (3) the amendment will be upheld, but it now places the requirement of due process at the district court level in the manner of *Buffington*.

Unfortunately, we cannot reach this issue, i.e., we can't get there from here, due to Alvarado's failure to directly appeal from the order relinquishing jurisdiction. I trust the defense bar will "get the message" and properly perfect an appeal on the merits of the issue, unless a proposed amendment to the Idaho Criminal Rules beats them to the punch.

---

**3.** Freely adapted from Lewis Carroll's *The Walrus and the Carpenter in* Through the Looking-Glass *in* The Complete Illustrated Lewis Carroll 170 (Wordsworth 1996) (1872):

'The time has come', the Walrus said,
    'To talk of many things:
Of shoes—and ships—and sealing wax—
    Of cabbages—and kings.