24 P.3d 706

**Manuel D. BOJORQUEZ, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

No. 25653.

Court of Appeals of Idaho.

Dec. 13, 2000.

Woolf, Combo & Thompson, Idaho Falls, for appellant.

Hon. Alan G. Lance, Attorney General; T. Paul Krueger, II., Deputy Attorney General, Boise, for respondent.

PERRY, Chief Judge.

Manuel D. Bojorquez appeals from the district court's order summarily dismissing his application for post-conviction relief. We affirm.

## I.

## BACKGROUND

On November 8, 1996, Bojorquez entered an *Alford*[1] plea of guilty to one count of delivery of a controlled substance. On January 7, 1997, the district court sentenced Bojorquez to a term of five years, with three years fixed, and retained jurisdiction. At the conclusion of the retained jurisdiction period, the Department of Corrections recommended that Bojorquez be placed on probation. On July 10, 1997, the district court, without a hearing, ordered that Bojorquez be placed on probation for three years. On July 25, 1997, a probation officer delivered the probation order to Bojorquez, who had been retained in jail by the Immigration and Naturalization Service (INS) pending a deportation hearing. In addition to explaining the other terms of the probation order, the probation officer specifically advised Bojorquez that he would violate his probation if he illegally returned to the United States after being deported. Bojorquez signed the probation order, agreeing to abide by its terms and conditions. On August 14, 1997, Bojorquez was deported to Mexico.

On December 15, 1997, the INS notified Bojorquez's probation officer that Bojorquez had illegally re-entered the United States. Bojorquez's probation officer also discovered that Bojorquez was cited in Jefferson County on September 15, 1997, for driving without privileges. A report of violation was filed, alleging that Bojorquez violated his probation by operating a motor vehicle without permis-

1. *See North Carolina v. Alford*, 400 U.S. 25, 91   S.Ct. 160, 27 L.Ed.2d 162 (1970).

sion and leaving his assigned district, Mexico, without permission. A hearing was held at which Bojorquez admitted the alleged violations. On March 3, 1998, the district court revoked Bojorquez's probation and ordered into execution the previously imposed sentence.

On January 13, 1999, Bojorquez filed an application for post-conviction relief alleging that he received ineffective assistance of counsel and asserting that his probation should not have been revoked because it was unlawfully imposed in his absence, thereby making his sentence "illegal." In response, the state filed a motion to dismiss Bojorquez's application. After a hearing was held, the district court determined that Bojorquez's ineffective assistance claim was time-barred and that Bojorquez was not entitled as a matter of law to be present when the district court placed him on probation. The order provided Bojorquez twenty days within which to amend his application for post-conviction relief. Bojorquez did not amend his application within the twenty-day period, and the district court ordered dismissal of Bojorquez's application for post-conviction relief. Bojorquez appeals.

## II.

## ANALYSIS

■ On appeal, Bojorquez argues that the district court erred in summarily dismissing his application for post-conviction relief. Summary dismissal of an application pursuant to I.C. § 19–4906 is the procedural equivalent of summary judgment under I.R.C.P. 56. *Cowger v. State,* 132 Idaho 681, 684, 978 P.2d 241, 244 (Ct.App.1999). Like a plaintiff in a civil action, the applicant must prove, by a preponderance of evidence, the allegations upon which the request for post-conviction relief is based. I.C. § 19–4907; *Russell v. State,* 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct.App.1990). An application for post-conviction relief differs from a complaint in an ordinary civil action, however, for an application must contain much more than "a short and plain statement of the claim" that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, an application for post-conviction re-

lief must be verified with respect to facts within the personal knowledge of the applicant, and affidavits, records or other evidence supporting its allegations must be attached, or the application must state why such supporting evidence is not included with the application. I.C. § 19–4903. In other words, the application must present or be accompanied by admissible evidence supporting its allegations, or the application will be subject to dismissal. *Cowger,* 132 Idaho at 684, 978 P.2d at 244.

■ The state argues that Bojorquez is procedurally barred from challenging the dismissal of his application. The state's argument is based upon this Court's holding in *Sabin v. State,* 129 Idaho 257, 923 P.2d 502 (Ct.App.1996). In that case, the district court determined—on its own motion—that the defendant's application should be dismissed and therefore issued a notice of intent to dismiss. The applicant did not respond to the district court's notice and the district court dismissed the application pursuant to I.C. § 19–4906(b). On appeal, we held that "where the court issues a notice of intent to dismiss under Section 19–4906(b) ... the failure of the applicant to file a responsive pleading or to challenge the district court's rationale through a post-judgment motion waives any challenge to that order on appeal." *Id.* at 258, 923 P.2d at 503.

In the instant case, the state moved for dismissal of Borjorquez's application for post-conviction relief, and Bojorquez responded by filing an opposing brief. Based upon the pleadings and affidavits filed by the parties, the district court dismissed Bojorquez's application pursuant to I.C. § 19–4906(c). Although the district court's dismissal order gave Bojorquez twenty days to file an amended application to bring *additional* claims, Bojorquez's failure to do so does not preclude a challenge on appeal to the dismissal of the original claims in his application. Both because Bojorquez's application was dismissed pursuant to subsection (c) rather than subsection (b) of I.C. § 19–4906 and because Bojorquez filed a response to the state's motion, we hold that the procedural bar described in *Sabin* is inapplicable. Thus, Bojorquez's argument that the district

court erred in summarily dismissing his application for post-conviction relief will be considered on appeal.

■ Although Bojorquez does not challenge the district court's determination that his ineffective assistance claim was untimely, he does challenge the district court's determination that he was not entitled as a matter of law to be present when the district court placed him on probation. Bojorquez's challenge is based exclusively upon I.C. § 19–2503 and I.C.R. 43.[2]

■ Idaho Code Section 19–2503 provides that for "the purpose of judgment, if the conviction is for a felony, the defendant must be personally present; if for a misdemeanor, judgment may be pronounced in his absence." Idaho Criminal Rule 43 provides that the "defendant shall be present at the arraignment, at the time of the plea, at every stage of the trial ... and at the imposition of sentence." The statute and rule establish that a defendant's presence at the time of sentencing is mandatory and not discretionary. *Lopez v. State*, 108 Idaho 394, 396, 700 P.2d 16, 18 (1985). A sentence imposed in the defendant's absence is invalid. *Id.*

■ Bojorquez asserts that that the district court imposed a sentence when it placed him on probation and that the district court violated I.C. § 19–2503 and I.C.R. 43 by doing so in his absence. However, there is an important distinction between the "imposition of a sentence" which requires the presence of the defendant and later actions by the trial court which affect the sentence after its imposition. Idaho appellate courts have long adhered to the principle that a sentence is imposed when initially pronounced even if its execution is later postponed when the trial court suspends the sentence or retains jurisdiction pursuant to I.C. § 19–2601(4). *See State v. Ditmars*, 98 Idaho 472, 474, 567 P.2d 17, 19 (1977); *State v. Alvarado*, 132 Idaho 248, 249, 970 P.2d 516, 517 (Ct.App. 1998); *State v. Lindquist*, 122 Idaho 190, 192, 832 P.2d 761, 763 (Ct.App.1992); *State v. Omey*, 112 Idaho 930, 932, 736 P.2d 1384, 1386 (Ct.App.1987); *State v. Salsgiver*, 112

Idaho 933, 934, 736 P.2d 1387, 1388 (Ct.App. 1987). Placing a defendant on probation merely suspends execution of the previously imposed sentence. *State v. Peterson*, 121 Idaho 775, 777, 828 P.2d 338, 340 (Ct.App. 1992).

In the instant case, Bojorquez's sentence was *imposed* on January 7, 1997, when the district court sentenced Bojorquez to a term of five years, with three years fixed. Bojorquez was not "re-sentenced" when the district court later placed him on probation. Rather, the district court *suspended* the execution of Bojorquez's previously imposed sentence. Constrained by the previous decisions of the Idaho Supreme Court and this Court, we conclude that, because the district court did not impose a sentence when it placed Bojorquez on probation, Bojorquez was not entitled pursuant to I.C. § 19–2503 and Rule 43 to be present.

■ Even if we were to determine that the district court erred by executing probation in Bojorquez's absence, we would further conclude that the error was harmless. On appeal, Bojorquez contends that he "may not have been fully aware of and understood all the terms and conditions of the probation agreement" because he had not been present when probation was imposed. However, a review of Bojorquez's application for post-conviction relief reveals that he did not allege by any admissible evidence that he was not placed on probation, that he did not sign a probation agreement, or that he did not understand the terms of his probation which had been explained to him by a probation officer with the assistance of an interpreter and which he eventually admitted violating. This Court has held that a defendant's signature on a probation order demonstrates that he or she accepted and understood the terms of probation. *See State v. Reine*, 122 Idaho 928, 930, 841 P.2d 458, 460 (Ct.App.1992). The allegations in Bojorquez's application for post-conviction relief asserts only that the district court improperly placed him on probation because he was not present in court at the time probation was imposed.

2. Bojorquez does not argue that any of his federal or state constitutional rights were violated

when the district court ordered probation in his absence.

We must note however that the preferred practice should always be to impose probation in the presence of a defendant in order to avoid later contentions that the defendant did not understand the terms of probation. By thoroughly discussing each term with a defendant, the district court can easily avoid the situation which arises here.

## III.

## CONCLUSION

Bojorquez has failed to show, by any admissible evidence, reversible error under the facts of his case through his allegation that he was entitled pursuant to I.C. § 19–2503 and Rule 43 to be present when the district court placed him on probation. Consequently, the district court's summary dismissal of Bojorquez's application for post-conviction relief is affirmed.

LANSING, J., concurs.

SCHWARTZMAN, J., concurs in the result.

I concur in the result reached in this case, albeit on a slightly different "harmless error"

rationale than proferred in the majority opinion. While I strongly believe that placing a defendant on probation, *in absentia*, is the imposition of an integral part of a *sentence* in an unlawful manner,[1] the bottom line for Bojorquez would be to bring him back before the district court and have that court simply relinquish jurisdiction. If Bojorquez thinks he is legally entitled to be placed back onto probation as if he is just emerging from the retained jurisdiction program, after his illegal return to the United States and subsequent conduct, he should think again.

However, I would modify this Court's *dicta* that "the preferred practice should always be to impose probation in the presence of a defendant." It should be the ONLY practice.

---

**1.** The reader is directed to this Court's recent opinion of *State v. Coassolo*, Docket No. 25631 (Ct.App. Aug. 1, 2000), review *granted* October 16, 2000. Hopefully, the *Ditmars/Wolfe* dichotomy will be resolved once and for all by the Idaho Supreme Court.