` 953 P.2d 607

**Jerald Lee ROBISON, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

**No. 21981.**

Supreme Court of Idaho,
Boise, January 1998 Term.

March 10, 1998.

**168**

Hart & Kohler Law Offices, Idaho Falls, for petitioner-appellant.

Alan G. Lance, Attorney General; Myrna A.I. Stahman, Deputy Attorney General, Boise, for respondent.

JOHNSON, Justice.

This is a post-conviction review case. We conclude that there is substantial and competent evidence to support the trial court's finding that caused the trial court to dismiss the petition for post-conviction relief.

## I.

### THE BACKGROUND AND PRIOR PROCEEDINGS

Jerald Lee Robison pled guilty to the crime of lewd conduct with a minor and was sentenced to a unified fifteen year sentence with five years fixed. The trial court retained jurisdiction under section 19–2601(4) of the Idaho Code (I.C.). The Jurisdictional Review Committee (JRC) at North Idaho Correctional Institution (NICI) recommended that the trial court relinquish jurisdiction. The trial court relinquished jurisdiction.

Robison filed a petition for post-conviction relief alleging that the JRC had violated his due process rights by not affording him access to either his psychological report (the psychological report) or the written evaluation of his social worker (the social worker) prior to his rebuttal hearing and by not allowing him to call the social worker as a witness at the rebuttal hearing. The state moved to dismiss the petition for post-conviction relief, and the trial court granted the state's motion. Robison appealed. During the pendency of the appeal, the state stipu-lated to an evidentiary hearing before the trial court concerning Robison's post-conviction petition. This Court remanded the case to the trial court for the hearing. At the conclusion of the hearing, the trial court granted the state's motion to dismiss on the basis that Robison had not demonstrated prejudice from any due process violations that the JRC inflicted on him. Robison amended his notice of appeal to challenge the trial court's decision.

## II.

### THERE IS SUBSTANTIAL AND COMPETENT EVIDENCE TO SUPPORT THE TRIAL COURT'S FINDING THAT ANY VIOLATION OF DUE PROCESS WAS NOT PREJUDICIAL.

Robison asserts that the trial court should not have dismissed his petition for post-conviction relief on the ground that he failed to show prejudice from any due process violations. We disagree.

The state does not refute that Robison was neither provided a copy of the psychological report nor allowed to call the social worker as a witness. In addition, Robison argues that because JRC relied in part on the social worker's evaluation, JRC should have provided him with access to the information contained in the evaluation, either by providing a copy of the written report or by direct access to the social worker as a witness. The state does not challenge the fact that Robison's due process rights were violated.

In *Owen v. State*, 130 Idaho 715, 947 P.2d 388 (1997), the Court stated that "[i]n the absence of a showing of prejudice, an application for post-conviction relief is properly denied." *Id.* at 716, 947 P.2d at 389. Thus, Robison must show prejudice; that is, that his chance to be placed on probation was impaired by procedures employed at NICI.

At the evidentiary hearing, Robison did not present any evidence that was not cumulative or that would have influenced the outcome of the jurisdictional review process. Although Robison testified that the social worker's testimony would have been "helpful," he did not expound on the nature of the

testimony that he hoped to elicit from the social worker nor did Robison call the social worker as a witness at the evidentiary hearing. Robison also discussed the letter to the victim of his crime during the evidentiary hearing. This testimony, however, was cumulative because he addressed this topic in his rebuttal statement before JRC.

Robison focuses on the fact that he could not rebut the psychological evaluation or the social worker's evaluation at the JRC review hearing rather than showing that he could have or would have presented additional information which differed from what he had already presented in his rebuttal statement. With respect to not being able to call the social worker as a rebuttal witness, Robison argues that because he was not allowed to see the social worker's evaluation and could not question the social worker at the rebuttal hearing, Robison could not address the social worker's negative concerns. Robison's argument focuses on the lack of access and does not address prejudice, that is, that there was something more he could have and would have done to rebut the report.

There is substantial and competent evidence to support the trial court's finding that Robison failed to show that he was prejudiced by the following actions of JRC: (1) failure to allow him to review a copy or summary of his psychological report prior to his rebuttal hearing; (2) denial of his request to call the social worker to testify at the rebuttal hearing; and (3) failure to allow him to review a copy of the social worker's evaluation prior to his rebuttal hearing.

### III.

### CONCLUSION

We affirm the trial court's dismissal of Robison's petition for post-conviction relief.

TROUT, C.J., and SILAK, SCHROEDER and WALTERS, JJ., concur.